## GMAC MORTGAGE, LLC *v.* ERIC M. FORD ET AL.
### (AC 34764)

DiPentima, C. J., and Robinson and Sheldon, Js.

---

166

Submitted on briefs March 22—officially released July 16, 2013

*Eric Ford*, self-represented, the appellant (named defendant), filed a brief.

*Richard E. Briansky*, pro hac vice, and *Jennifer Gagosz Farrell*, filed a brief for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The self-represented defendant in this residential mortgage foreclosure action, Eric M. Ford,[1] appeals following the judgment of strict foreclosure rendered against him in favor of the plaintiff, GMAC Mortgage, LLC. The defendant claims on appeal that

---

[1] Additional defendants named in the action by virtue of an interest in the subject property are Ali Shah Bey, who allegedly took title and possession of the subject property via a quitclaim deed from Ford in February, 2010, and the city of Bridgeport, by virtue of inchoate real estate tax liens. Because neither Bey nor the city of Bridgeport is a participant in this appeal, we will refer to Ford as the defendant throughout this opinion.

the trial court improperly (1) denied his motion to dismiss the foreclosure complaint, (2) granted the plaintiff's motion for summary judgment as to liability on the foreclosure complaint, (3) denied his request to amend his answer, special defense and counterclaim and his motion to reargue that ruling and (4) rendered a judgment of strict foreclosure based on material misrepresentations by the plaintiff and without holding an evidentiary hearing as to the amount of the debt owed. We disagree and, accordingly, affirm the judgment of the court.

The record reveals the following relevant facts and procedural history. In July, 2006, the defendant executed a note in the amount of $177,000 along with a mortgage on property located at 123 Roosevelt Street in Bridgeport (subject property) as security for the note. On March 15, 2010, the plaintiff commenced this action, alleging that the defendant had defaulted on his payment obligations under the note and had failed to cure the default after being notified, and that the plaintiff had exercised its right to accelerate the balance due, to declare the note due in full and to foreclose the mortgage securing the note. The defendant filed an appearance in this matter on August 19, 2010.

On December 29, 2010, the defendant filed a motion to dismiss the foreclosure action, asserting as grounds for dismissal lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process and improper venue. The motion was accompanied by a single page supporting memorandum. The plaintiff filed an objection to the motion to dismiss and a memorandum in opposition to the motion, in which it argued that the court should deny the motion because it lacked any factual or legal basis for the grounds therein alleged. The plaintiff also argued that any claim of lack of personal jurisdiction, insufficient process, insufficient service of process or improper

venue was untimely raised and thus waived pursuant to Practice Book § 10-32. Finally, it argued that, although the motion did not state any factual or legal underpinning for the defendant's claim of lack of subject matter jurisdiction, the plaintiff believed that the defendant intended to argue that the plaintiff lacked standing to bring the foreclosure action. The plaintiff stated in response that it was in possession of the original note, that it had been in possession of the note before the commencement of the action and thus that it had standing to foreclose the mortgage securing the note. Attached as an exhibit to the opposition was a copy of the note endorsed by the defendant. The court issued a decision denying the motion to dismiss on January 21, 2011, for the reasons stated in the opposition.

On February 24, 2011, the defendant filed an answer that included a special defense and a counterclaim. The special defense provided in its entirety: "Title in a [t]hird [p]erson to [w]hat the [p]laintiff [s]ues upon or [a]lleges to [b]e [h]is [own]."[2] The counterclaim, at its heart, reasserted the issue of standing, stating in relevant part that the plaintiff lacked documentation to support its allegation that it is a holder of the note and the accompanying mortgage.

On April 18, 2011, the plaintiff filed a motion for summary judgment. The plaintiff asserted that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law as to liability on its foreclosure complaint and as to all issues on the defendant's counterclaim. In its memorandum in support of the motion for summary judgment, the plaintiff argued, inter alia, that the defendant's special defense raised no genuine issue of material fact

---

[2] The special defense appears to refer to the defendant's transfer of the subject property by quitclaim deed to Ali Shah Bey. See footnote 1 of this opinion.

relative to his liability on the note and that it "fail[ed] to meet a threshold of legal sufficiency in every respect." As to the defendant's counterclaim, the plaintiff argued that no genuine issue of material fact was raised by the counterclaim and that it was entitled to judgment as a matter of law because the counterclaim did not "meet a minimal standard of sufficiency in that it is not a cognizable cause of action and . . . if severed, would not be able to viably stand upon its own as required by our rules of practice and appellate authorities." Submitted with the motion for summary judgment were copies of the defendant's answer, special defense and counterclaim; a sworn affidavit by an officer of the plaintiff, in which it was averred that the note was in default and that the plaintiff held both the note and the mortgage; the note and mortgage endorsed by the defendant; an assignment of the mortgage to the plaintiff from its successor in interest executed on June 7, 2010; and the notice of default issued to the defendant dated September 1, 2009.

The defendant filed a two page objection to the motion for summary judgment on May 31, 2011. On June 9, 2011, the defendant filed a request for leave to amend his answer, special defense and counterclaim to which he attached a copy of the proposed amended pleading. The proposed amended answer contained eighteen new special defenses and three new counterclaims. The defendant also filed an amended opposition to the motion for summary judgment, in which he argued that, because the motion for summary judgment challenged the legal sufficiency of the defendant's special defense and counterclaim, the court should treat the motion as a motion to strike in order to provide the defendant with an opportunity to replead should the court decide to grant the motion. The defendant did not submit any opposing affidavits or other documentary proof in support of his original or amended oppositions.

The plaintiff objected to the defendant's request to amend, arguing that the defendant had failed to show good cause to allow an amendment at that stage of the proceedings, that he had engaged in dilatory behavior throughout the proceedings and that granting his request would unfairly prejudice the plaintiff. As to whether the court should treat the plaintiff's motion for summary judgment as a motion to strike, the plaintiff argued that the cases relied on by the defendant were distinguishable in that the defendant would not benefit from repleading as evidenced by the proposed amendments.

The court heard argument on the request to amend on July 5, 2011. The next day it issued orders denying the defendant's request to amend and sustaining the objections raised by the plaintiff.[3] On July 20, 2011, the defendant filed a motion seeking to reargue the request to amend and asking the court to clarify its reasons for denying the request. On July 28, 2011, the parties appeared before the court to argue the plaintiff's motion for summary judgment, and, following a brief hearing, the court orally granted the motion.[4] The court later denied the defendant's motion to reargue the request to amend, finding that the defendant had failed to demonstrate that the court had overlooked any principle of law or that there had been a misapprehension of the facts, and noting that a motion to reargue was "not to

[3] In response to a notice filed by the defendant pursuant to Practice Book § 64-1 (b), the court later issued a memorandum of decision stating that it had denied the request to amend on the basis of its review of the request and the proposed amendments submitted with it, and on its finding that "it would be unfair to allow amendments and that the amendments were proffered for purpose of delay."

[4] In response to a notice filed by the defendant pursuant to Practice Book § 64-1 (b), the court later issued a memorandum of decision stating that its decision on the motion was made on the basis of its review of all the relevant pleadings, memoranda and evidence submitted and that it was on the basis of that review that it determined that there was no genuine issues of material fact and that the plaintiff was entitled to judgment as a matter of law.

be used as an opportunity to have a second bite at the apple."

On May 7, 2012, the plaintiff filed a motion for a judgment of strict foreclosure. The motion was heard by the court on May 29, 2012. After brief arguments by the parties, the court granted the motion orally, making all the necessary factual findings[5] and setting law days to commence on August 28, 2012. This appeal followed.

I

The defendant first claims that the court erred by denying his motion to dismiss the foreclosure complaint. According to the defendant, the court failed to address fully the issue of standing and should have conducted an evidentiary hearing as to that issue.[6] We disagree.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . [I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. . . . It is well established that, in determining whether a

---

[5] The court found, inter alia, that the outstanding debt was $221,839.56 and that the fair market value of the subject property was $73,000.

[6] The defendant has not challenged the court's ruling with regard to the claimed lack of personal jurisdiction, insufficiency of process, insufficiency of service of process and improper venue, which claims the court determined were waived because the motion to dismiss was not filed within thirty days of the defendant filing his appearance.

court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citation omitted; internal quotation marks omitted.) *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 574–75, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . .

"In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss . . . other types of undisputed evidence . . . and/or public records of which judicial notice may be taken . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint . . . but may rest on the jurisdictional allegations therein." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 422 n.17, 35 A.3d 188 (2012).

It is well settled that the holder of a note secured by a mortgage has standing to commence a foreclosure action, regardless of whether it also holds the mortgage. See General Statutes § 49-17; *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 229, 32 A.3d 307 (2011). The plaintiff alleged in its complaint that it "is the holder of [the] note." Because the complaint is part of the mesne process served to commence an action, it is implicit in that factual allegation that the plaintiff also held the note at the time the action was commenced. The court, in denying the motion to dismiss in the present case, found that the defendant had failed to proffer any factual basis or legal theory in support of his motion, and that "there is no issue as to whether the plaintiff was the owner and holder of the note at the time of the commencement of the instant foreclosure action."

Our plenary review of the record confirms that the defendant failed to submit any affidavit or other evidence in support of his motion to dismiss that called into question the plaintiff's status as the holder of the note as alleged in the complaint. The defendant never asserted in his motion to dismiss that the plaintiff was not the holder of the note or that it did not hold the note at the time that the action was commenced. Under those circumstances, it was entirely proper for the court to have relied on the uncontested factual assertion in the complaint as the basis for denying the motion to dismiss to the extent that it alleged lack of standing. Further, because the court was able to resolve the standing issue on the basis of the uncontested factual allegations in the complaint, there was no need for the court to hold an evidentiary hearing. See *Unisys Corp.* v. *Dept. of Labor*, 220 Conn. 689, 695–96, 600 A.2d 1019 (1991) (evidentiary hearing necessary to determine court's jurisdiction only when there is disputed fact on which such determination turns); *Deutsche Bank*

*National Trust Co.* v. *Bialobrzeski,* 123 Conn. App. 791, 799, 3 A.3d 183 (2010) (same). In sum, we conclude that the court properly denied the defendant's motion to dismiss.

## II

The defendant next claims that the court erred in granting the plaintiff's motion for summary judgment as to liability on the complaint. There are several aspects of this claim. In addition to arguing that the court improperly determined that there were no genuine issues of material fact and that the plaintiff was entitled to judgment as a matter of law as to liability, the defendant also argues that because the motion for summary judgment challenged the legal sufficiency of the defendant's special defense, the court should have treated the motion for summary judgment as a motion to strike to permit the defendant an opportunity to replead. Additionally, he argues that the court should not have granted summary judgment prior to resolving fully the request to amend the answer, special defense and counterclaim that he filed after receiving the motion for summary judgment. We address each of the defendant's arguments in turn, concluding that the court properly granted the motion for summary judgment.

As a preliminary matter, we set forth our standard of review and other relevant legal principles. "[I]n seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Misiti, LLC* v. *Travelers Property*

*Casualty Co. of America,* 132 Conn. App. 629, 637–38, 33 A.3d 783 (2011), aff'd, 308 Conn. 146, 61 A.3d 485 (2013).

In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. See *Franklin Credit Management Corp.* v. *Nicholas,* 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003); *Bank of America, FSB* v. *Hanlon,* 65 Conn. App. 577, 581, 783 A.2d 88 (2001). Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense. See *LaSalle National Bank* v. *Shook,* 67 Conn. App. 93, 96–97, 787 A.2d 32 (2001); *Union Trust Co.* v. *Jackson,* 42 Conn. App. 413, 417, 679 A.2d 421 (1996).

A

The defendant argues that the court improperly determined that there were no genuine issues of material fact and that the plaintiff was entitled to judgment as a matter of law as to liability on the foreclosure complaint. In support of that argument, the defendant first contends that the plaintiff failed to meet its initial evidentiary burden because the plaintiff did not produce the original note in support of its motion for summary judgment. He next contends that he raised a genuine issue of material fact at oral argument on the motion by alleging that he had rescinded the note and mortgage at issue by a notice of right to cancel pursuant to the Truth in Lending Act (act), 15 U.S.C. § 1601 et seq.[7] We are not persuaded.

[7] "The federal [act], as amended in particular by the Truth-in-Lending Simplification Reform Act of 1980, was enacted as part of the Consumer Credit Protection Act of 1968, and is codified at 15 U.S.C. § 1601 et seq. The

A mortgagee that seeks summary judgment in a foreclosure action has the evidentiary burden of showing that there is no genuine issue of material fact as to any of the prima facie elements, including that it is the owner of the debt. Appellate courts in this state have held that that burden is satisfied when the mortgagee includes in its submissions to the court a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action. See *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 234; *HSBC Bank, N.A.* v. *Navin*, 129 Conn. App. 707, 713, 22 A.3d 647, cert. denied, 303 Conn. 948, 31 A.3d 384 (2011). The evidentiary burden of showing the existence of a disputed material fact then shifts to the defendant. "It is for the maker of the note to rebut the presumption that a holder of the note is also the owner of it." *RMS Residential Properties, LLC* v. *Miller*, supra, 234. The defendant failed to provide any evidentiary proof of his own that was sufficient to raise a genuine issue of material fact as to whether the plaintiff is the owner of the debt. The defendant has provided us with no authority, nor are we aware of any, that supports his suggestion that a mortgagee is obligated to produce the original note in order to meet the mortgagee's burden at summary judgment.

We further must reject the defendant's argument that he raised a genuine issue of material fact by his allegations at oral argument before the trial court that he had

---

purpose of [the act] is to promote the informed use of consumer credit by requiring disclosures about its terms and cost." (Internal quotation marks omitted.) *Cheshire Mortgage Services, Inc.* v. *Montes*, 223 Conn. 80, 96–97, 612 A.2d 1130 (1992). The act provides for a limited right of rescission in a consumer credit transaction that allows the consumer to rescind the agreement "until midnight of the third business day following the consummation of the transaction . . . ." 15 U.S.C. § 1635 (a). Connecticut has incorporated the federal rescission right into its version of the act, codified at General Statutes §§ 36a-675 through 36a-685. See General Statutes § 36a-683 (j) (1).

rescinded the note and mortgage at issue by timely acting on his right to cancel pursuant to the act.[8] It is axiomatic that in order to successfully oppose a motion for summary judgment by raising a genuine issue of material fact, the opposing party cannot rely solely on allegations that contradict those offered by the moving party, whether raised at oral argument or in written pleadings; such allegations must be supported by counteraffidavits or other documentary submissions that controvert the evidence offered in support of summary judgment. See *Citizens National Bank* v. *Hubney*, 182 Conn. 310, 312–13, 438 A.2d 430 (1980); see also *Tuccio Development, Inc.* v. *Neumann*, 111 Conn. App. 588, 594, 960 A.2d 1071 (2008) ("To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief." [Internal quotation marks omitted.]).

The defendant did not raise his act rescission argument in either his opposition or amended opposition to the motion for summary judgment, but raised it for the first time at oral argument on the motion. The defendant presented no documentary evidence or other proof to support his allegations that the note and mortgage properly were rescinded in accordance with the act. In sum, on the basis of our plenary review of the pleadings and documentary submissions, we conclude that the

---

[8] The defendant argued to the court at the hearing on the motion for summary judgment that he owed "absolutely nothing" to the plaintiff because he had exercised his right to rescind the note and mortgage within the three day period provided for under federal law. In response, the plaintiff noted that the defendant had not presented any documentation in support his claim and that the claim was belied by the fact that the defendant had made payments on the note for nearly three years. The defendant was unable to provide the court with a direct answer when asked: "And would you explain why you paid on this claim for three years before you decided that you were not—you owed nothing on it?"

court properly determined that there were no genuine issues of material fact and that the plaintiff was entitled to judgment as to liability on the foreclosure complaint.

## B

The defendant next argues that because the plaintiff's motion for summary judgment challenged the legal sufficiency of the defendant's special defense and counterclaim, the court should have treated the motion for summary judgment as a motion to strike in order to permit the defendant an opportunity to replead. We are not persuaded that the court was required to do so.

In support of his argument, the defendant cites our Supreme Court's decision in *American Progressive Life & Health Ins. Co. of New York* v. *Better Benefits, LLC*, 292 Conn. 111, 971 A.2d 17 (2009), which in turn relied on the court's decision in *Larobina* v. *McDonald*, 274 Conn. 394, 876 A.2d 522 (2005). In *Larobina*, our Supreme Court held that "the use of a motion for summary judgment to challenge the legal sufficiency of a complaint is appropriate when the complaint fails to set forth a cause of action and the defendant can establish that the defect could not be cured by repleading." Id., 401. In *American Progressive Life & Health Ins. Co. of New York*, supra, 111, our Supreme Court expanded on the *Larobina* holding; id., 122; and reversed the trial court's decision to grant the plaintiff's motion for summary judgment challenging the sufficiency of the defendants' counterclaim, holding that the defendants were entitled to have the motion for summary judgment treated as a motion to strike where the defendants had offered to amend their counterclaim to correct certain factual insufficiencies raised by the plaintiff, and those insufficiencies reasonably were amenable to correction by repleading.

In addition to challenging the legal sufficiency of a complaint or counterclaim, our rules of practice provide

that a party may challenge by way of a motion to strike the legal sufficiency of an answer, "including any special defenses contained therein . . . ." Practice Book § 10-39; see also Practice Book § 10-6. Although no appellate court has addressed whether the *Larobina* and *American Progressive Life & Health Insurance Co. of New York* holdings are applicable when the motion for summary judgment challenges the sufficiency of a special defense, our Superior Courts have answered that inquiry in the affirmative. See *WM Specialty Mortgage, LLC* v. *Brandt*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-09-5001157-S (February 10, 2009), citing *Bank of New York Trust Co.* v. *Gbeh*, Superior Court, judicial district of Litchfield, Docket No. CV-07-5002495-S (February 26, 2008) ("the rationale set forth in *Larobina* applies in circumstances where the defendants' special defenses would survive, given an opportunity to amend"). We agree that such an extension is both legally and logically sound. We find no error, however, in the court's refusal to treat the motion for summary judgment in the present case as a motion to strike.

Our review of the proposed amendments reveals that rather than acknowledging and seeking to correct those insufficiencies asserted by the plaintiff in the motion for summary judgment as occurred in *American Progressive Life & Health Insurance Co. of New York*, the defendant sought to substitute wholly new special defenses and counterclaims. The right afforded by Practice Book § 10-44 to file a new pleading following the granting of a motion to strike, however, is limited to making those corrections needed to render the claims set forth in the original pleading legally sufficient. It is not an opportunity to file wholly amended pleadings that assert new legal claims or rely on a wholly unrelated set of facts, permission for which ordinarily could be obtained only in accordance with the provisions of

Practice Book § 10-60. Further, even if the defendant was provided with an opportunity to replead, he would be unable to remedy the legal insufficiency of the special defense asserted in his original answer. See *Wilton Meadows Ltd. Partnership* v. *Coratolo*, 299 Conn. 819, 832, 14 A.3d 982 (2011) (not necessary for court to treat motion for summary judgment as motion to strike when "repleading would have been 'fruitless' "); *Carrasquillo* v. *Carlson*, 90 Conn. App. 705, 714, 880 A.2d 904 (2005) (trial court properly granted motion for summary judgment because plaintiff would be unable to cure legal defects even if permitted to replead).

"Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705–706, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

The "special defense" asserted by the defendant in his original answer amounted to an acknowledgement

that he had quitclaimed his interest in the subject property to a third party prior to the commencement of the action. As a mortgagor, the defendant held only equitable title to the property, sometimes referred to as the equity of redemption. See *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 323, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). His act of quitclaiming that interest to a third party did not implicate the making, validity or enforcement of the note or mortgage, nor establish one of the aforementioned equitable defenses. The defendant remained liable for repayment of the note despite the quitclaim deed to a third party, who took title subject to the mortgage and any potential foreclosure. The asserted special defense failed as a matter of law, and no amount of repleading would have remedied that legal defect. Accordingly, we conclude that the court acted properly in granting the motion for summary judgment, and that it was under no obligation to treat the motion for summary judgment insofar as it addressed the special defense as a motion to strike that special defense.

C

The defendant's final argument relating to summary judgment is that the court erred in ruling on the motion for summary judgment prior to fully resolving his request to amend the answer, special defense and counterclaim. We are not persuaded.

"[M]atters involving judicial economy, docket management [and control of] courtroom proceedings . . . are particularly within the province of a trial court." (Internal quotation marks omitted.) *Marshall* v. *Marshall*, 71 Conn. App. 565, 574, 803 A.2d 919, cert. denied, 261 Conn. 941, 808 A.2d 1132 (2002). A reviewing court is bound by the principle that "[e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 538, 429 A.2d 801 (1980). In

*LaFlamme* v. *Dallessio*, 65 Conn. App. 1, 6–7, 781 A.2d 482 (2001), rev'd on other grounds, 261 Conn. 247, 802 A.2d 63 (2002), the plaintiff claimed that the court had abused its discretion by failing to rule on her pending request for leave to amend the complaint before ruling on the defendant's motion for summary judgment. The court rejected that claim, holding that, because the motion for summary judgment had been filed for a significant time before the request for leave to amend, it was well within the court's discretion to act on the earlier filed motion.

In the present case, the defendant filed his request for leave to amend on June 9, 2011, nearly two months after the motion for summary judgment was filed. Unlike in *LaFlamme*, the court heard argument on the request to amend and denied it several weeks before it heard argument on the motion for summary judgment. The defendant filed his motion to reargue the court's decision on July 20, 2011, which was eight days before the parties were scheduled for argument on the plaintiff's motion for summary judgment. The defendant never requested a continuance of the hearing on the motion for summary judgment, nor did he raise any objection to the court at the hearing based on his pending motion to reargue. Even assuming that the court was aware of the pending motion to reargue, the court already had rescheduled the hearing on the motion for summary judgment earlier at the request of the defendant, who claimed he needed time to obtain an attorney. Under the circumstances, we are not persuaded that the court abused its discretion by considering the earlier filed motion for summary judgment before addressing the motion to reargue.

## III

The defendant next claims that the court improperly denied his request for leave to amend his answer, special defense and counterclaim and his motion to reargue that ruling. We disagree.

Practice Book § 10-60 (a) provides that a party may amend his or her pleadings in three ways: by order of the judicial authority, by written consent of the adverse party, or by filing a request for leave to file such amendment, with the amendment appended. If no party files an objection, the amendment is deemed to have been filed by consent, but if an objection is filed, the matter is placed upon the next short calendar for consideration of the court. Practice Book § 10-60 (a) (3). "The judicial authority may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book § 10-60 (b). "Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [amending party's] burden . . . to demonstrate that the trial court clearly abused its discretion." (Internal quotation marks omitted.) *Beckenstein* v. *Reid & Riege, P.C.*, 113 Conn. App. 428, 435, 967 A.2d 513 (2009).

Similarly, the standard of review for a court's denial of a motion to reargue is abuse of discretion. See *Valentine* v. *LaBow*, 95 Conn. App. 436, 451, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006). "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument."

(Citations omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001).

The court in the present case denied the request for leave to amend after reviewing the request, the opposition to it and the proposed amendments. It found that "it would be unfair to allow amendments and that the amendments were proffered for purpose of delay." Those findings are supported by the record. The foreclosure action had already been pending before the court for well over two years. The defendant's request for leave to amend the answer, special defense and counterclaim allegedly was made in response to the filing of the plaintiff's motion for summary judgment, but was not filed until nearly two months later and only shortly before the motion was to be heard and adjudicated by the court. The amendments sought to add eighteen new special defenses and three new counterclaims, none of which was based on facts or legal principles unavailable to the defendant at the time he submitted his original pleading.

Turning to the court's denial of the motion to reargue the request to amend, we note that in denying the defendant's motion to reargue, the court found that rather than articulating any principle of law that he believed the court had overlooked in ruling on the request to amend or pointing out a misapprehension of the facts, the defendant was attempting "to have a second bite at the apple." Those findings comport with our own review of the pleadings and therefore are not clearly erroneous. In sum, on the basis of our review of the pleadings and of the particular circumstance of this case, we conclude that the defendant has failed to meet his burden of demonstrating that the court abused its discretion by denying the request for leave to amend or the subsequent motion to reargue.

## IV

Finally, the defendant claims that the court improperly rendered a judgment of strict foreclosure because it relied on "material misrepresentations by the plaintiff" and ruled without holding an evidentiary hearing as to the amount of the debt owed. The plaintiff responds that the judgment of strict foreclosure was properly supported by the original note, mortgage and affidavit of debt. We agree with the plaintiff.

"The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Webster Trust* v. *Mardie Lane Homes, LLC*, 93 Conn. App. 401, 405–406, 891 A.2d 5 (2006). Where a foreclosure defendant's liability has been established by summary judgment, all that remains for the court to determine at the judgment hearing is the amount of the debt and the terms of the judgment. *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 694, 751 A.2d 394 (2000). Practice Book § 23-18 (a) provides: "In any action to foreclose a mortgage where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the judicial authority the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto."

In this case, the court properly had rendered summary judgment as to liability against the defendant.

The plaintiff then filed a motion for judgment of strict foreclosure. It also filed several appraisals of the subject property, a completed foreclosure worksheet and duly sworn affidavits that averred as to the amount of the debt and the attorney's fees that it had incurred in pursuing the foreclosure. The defendant filed an objection to the motion for judgment of strict foreclosure, raising many of the same arguments he already had argued unsuccessfully in opposition to summary judgment. He did not raise any challenge to the amount of the debt, as evidenced by the affidavits, stating only that he needed "to interrogate the person whose name appears on the plaintiff's affidavits."

At the hearing on the motion for strict foreclosure, the plaintiff presented the court with the original note, the mortgage deed and the assignment of the mortgage to the plaintiff. The defendant again raised a number of arguments unrelated to the issue currently before the court, particularly as to the amount of the debt. The court, after reviewing the documents provided by the plaintiff, made a finding, over the objection of the defendant, that the papers were all in order, that the note was the original signed by the defendant and that the mortgage deed and assignment had been properly filed with the Bridgeport town clerk. The court next made findings based on the affidavits as to the amount of the debt owed and of the reasonable attorney's fees incurred. Our review of the pleadings and transcripts leads us to conclude that the trial court reasonably could have reached the conclusions that it did and that it correctly applied the law in rendering the judgment of strict foreclosure.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.