******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# GMAC MORTGAGE, LLC *v.* ERIC M. FORD ET AL.
## (AC 38712)

Alvord, Sheldon and Mullins, Js.*

*Syllabus*

The plaintiff G Co. sought to foreclose a mortgage on certain real property previously owned by the defendant F. In its complaint, G Co. alleged that it was the holder of a promissory note that was secured by a mortgage on the subject property and that F was in default of his obligation under the note. The trial court granted G Co.'s motion for summary judgment and rendered a judgment of strict foreclosure, from which F appealed to this court, which affirmed the judgment and remanded the case to the trial court for the purpose of setting new law days. On remand, G Co. filed a motion to substitute W Co., as trustee for the H trust, as the plaintiff, alleging that W Co. was the real party in interest, as it had acquired the right to collect the debt due on the subject note through G Co.'s assignment of the mortgage to it. F did not object to the substitution, and the trial court granted the motion. Thereafter, W Co. filed a motion to open the judgment of strict foreclosure for the purpose of setting new law days. In his opposition to the motion to open, F argued, inter alia, that, pursuant to *Jesinoski* v. *Countrywide Home Loans, Inc.* (135 S. Ct. 709), which held that if a borrower notifies his creditor of his intention to rescind a loan within three years after the loan is consummated, the rescission is timely under the Truth in Lending Act (15 U.S.C. § 1601 et seq.), he had not defaulted on the note and mortgage because he had exercised his right to rescind the loan by mailing to G Co. a notice of right to cancel within the statutory rescission period. The trial court granted W Co.'s motion to open the judgment of strict foreclosure and set new law days. Prior to the trial court's ruling on W Co.'s motion to open, F had filed a motion to open the judgment, arguing that the judgment should be opened because *Jesinoski* had overruled any conclusion by this court in his prior appeal that his rescission of the loan was not effective under the Truth in Lending Act. The trial court denied F's motion to open the judgment, and F appealed, challenging the trial court's rulings on the parties' respective motions to open the judgment. *Held*:

1. F could not prevail on his claim that the trial court erred in granting W Co.'s motion to open the judgment of strict foreclosure for the purpose of setting new law days and denying his motion to open the judgment: F's reliance on *Jesinoski* to support his claim was misplaced, as that case did not stand for the proposition that his purported rescission of the subject loan was effective as a matter of law to forestall the foreclosure action simply because he alleged that he had mailed a notice of right to cancel to G Co. within three years of the loan's consummation, and, therefore, *Jesinoski* was inapplicable to the facts of the present case, and the trial court did not abuse its discretion in granting W Co.'s motion to open the judgment for the purpose of setting new law days.

2. F's claim that W Co. lacked standing to maintain the foreclosure action because the H trust did not legally exist was unavailing: F presented no competent evidence, either at the time of the unopposed substitution of W Co. as the plaintiff or on appeal, that the H trust had no legal existence, nor any proof to rebut G Co.'s jurisdictional allegations in its complaint that it was the holder of the subject note and mortgage when it commenced the action; moreover, because a substitute plaintiff stands in the shoes of the original plaintiff, the court was entitled to take the facts alleged in the complaint, as augmented by the facts alleged in the motion to substitute, and to conclude that W Co.'s standing had been established on that basis.

Argued September 11—officially released November 28, 2017

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant Ali Shah Bey, and for

other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hartmere, J.*, denied the named defendant's motion to dismiss; thereafter, the court, *Hon. Edward F. Stodolink*, judge trial referee, granted the plaintiff's motion for summary; subsequently, the court, *Hartmere, J.*, rendered a judgment of strict foreclosure, and the named defendant appealed to this court, which affirmed the judgment and remanded the case for the purpose of setting new law days; thereafter, Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust 2006-10 was substituted as the plaintiff; subsequently, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the substitute plaintiff's motion to open the judgment and extend the law days; thereafter, the court, *Hon. Edward F. Stodolink*, judge trial referee, denied the named defendant's motion to open the judgment, and the named defendant appealed. *Affirmed.*

*Eric M. Ford*, self-represented, the appellant (named defendant).

*Marissa I. Delinks*, for the appellee (substitute plaintiff).

*Opinion*

ALVORD, J. The self-represented defendant in this residential mortgage foreclosure action, Eric M. Ford,[1] appeals[2] from the judgment of the trial court granting the motion of the plaintiff Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust 2006-10 (Wells Fargo),[3] to open a judgment of strict foreclosure and to extend the law days, and denying the defendant's motion to open the judgment. On appeal, the defendant claims that (1) in light of the United States Supreme Court's decision in *Jesinoski* v. *Countrywide Home Loans, Inc.*,     U.S.    , 135 S. Ct. 790, 190 L. Ed. 2d 650 (2015), the trial court erred in granting the plaintiff's motion to open and denying his motion to open; and (2) the plaintiff lacks standing to maintain this action. We affirm the judgment of the trial court.

We adopt, in relevant part, the following facts and procedural history set forth in this court's opinion in *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 73 A.3d 742 (2013) (*Ford I*): "In July, 2006, the defendant executed a note in the amount of $177,000 along with a mortgage on property located at 123 Roosevelt Street in Bridgeport (subject property) as security for the note. On March 15, 2010, the plaintiff commenced this action, alleging that the defendant had defaulted on his payment obligations under the note and had failed to cure the default after being notified, and that the plaintiff had exercised its right to accelerate the balance due, to declare the note due in full and to foreclose the mortgage securing the note. The defendant filed an appearance in this matter on August 19, 2010.

\* \* \*

"On April 18, 2011, the plaintiff filed a motion for summary judgment. . . . The defendant filed a two page objection to the motion for summary judgment on May 31, 2011. On June 9, 2011 . . . [t]he defendant . . . filed an amended opposition to the motion for summary judgment . . . . The defendant did not submit any opposing affidavits or other documentary proof in support of his original or amended oppositions. . . . On July 28, 2011, the parties appeared before the court to argue the plaintiff's motion for summary judgment, and, following a brief hearing, the court orally granted the motion.

\* \* \*

"On May 7, 2012, the plaintiff filed a motion for a judgment of strict foreclosure. The motion was heard by the court on May 29, 2012. After brief arguments by the parties, the court granted the motion orally, making all the necessary factual findings and setting law days to commence on August 28, 2012." (Footnotes omitted.) Id., 168–72. On June 20, 2012, the defendant appealed from the judgment of strict foreclosure to this court, arguing, inter alia, that the trial court improperly

granted the plaintiff's motion for summary judgment as to liability on the foreclosure complaint and rendered a judgment of strict foreclosure. Id., 168. On July 16, 2013, this court affirmed the judgment of the trial court and remanded the case for the purpose of setting new law days. Id., 187.

On May 20, 2015, on remand, GMAC moved to substitute Wells Fargo as the plaintiff pursuant to Practice Book §§ 9-16 and 9-23. In its memorandum of law in support of this motion, GMAC argued that Wells Fargo was the real party in interest, as it had acquired the right to collect the debt due on the loan in foreclosure through an assignment of the mortgage. GMAC attached a copy of the assignment of the mortgage to its memorandum. The defendant did not object to the substitution, and the trial court, *Hon. Richard P. Gilardi*, judge trial referee, granted the motion to substitute on June 8, 2015.

On July 9, 2015, the plaintiff moved to open the judgment of strict foreclosure for the purpose of setting new law days. The defendant objected, arguing, inter alia, that (1) this court did not rule on all of his issues in his prior appeal, (2) he "did not default on the alleged note and mortgage" in 2009 because he "exercised his federal right to cancel under the Truth in Lending Act" (TILA), 15 U.S.C. § 1601 et seq.,[4] and (3) the issue of standing, raised by the plaintiff,[5] was never resolved. In his objection, the defendant cited *Jesinoski* for the first time.

On July 27, 2015, the defendant filed a supplemental objection to the plaintiff's motion to open the judgment. He primarily argued that he rescinded his loan within the statutory rescission period because *Jesinoski* "clarified that a TILA rescission disputed or undisputed is effectuated at the moment the notice of right to cancel is timely mailed within three years of the loan date . . . ." The supplemental objection referred to a notice of right to cancel, signed and sworn to by the defendant on July 10, 2009, which was recorded in the Bridgeport land records on September 29, 2009. The defendant previously had filed this notice with the trial court on June 20, 2011, but did not attach a copy to his supplemental objection. On October 13, 2015, the trial court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, overruled the defendant's objections and granted the plaintiff's motion to open the judgment. The court set new law days, pursuant to this court's remand order, to commence on November 17, 2015.

However, on November 2, 2015, the defendant filed a motion for reargument. On November 20, 2015, the plaintiff objected to this motion, claiming that reargument was not warranted because the defendant had not alleged some principle of law that would have a controlling effect but was overlooked by the court, nor were there claims of law that the court had failed to

address. On December 8, 2015, the trial court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, denied the defendant's motion for reargument.

During this period of time, on October 9, 2015, the defendant moved to open the judgment, citing "evidence to submit that lends to my defense." The plaintiff objected to this motion, arguing that the defendant was engaging in dilatory behavior in an attempt to delay the foreclosure. On November 13, 2015, the defendant filed a memorandum to "supplement . . . defendant's motion to open," in which he argued that *Jesinoski*, which the Supreme Court decided subsequent to this court's decision in *Ford I*, overruled any conclusion by this court that his alleged TILA rescission was not effective. He also filed an affidavit, to which he attached the July 10, 2009 notice of right to cancel. After a brief hearing on November 17, 2015, the trial court, *Hon. Edward F. Stodolink*, judge trial referee, denied the defendant's motion to open the judgment and sua sponte set new law days to commence on December 8, 2015.

On December 7, 2015, the defendant filed an additional motion to reargue, a motion for articulation, and a motion to dismiss.[6] On December 14, 2015, the defendant filed this appeal.[7]

I

The defendant first argues that on remand, the trial court erred in granting the plaintiff's motion to open the judgment of strict foreclosure, and denying his motion to open the judgment. Specifically, the defendant argues that, based on *Jesinoski*, "a TILA notice is effective as long as it is in writing and is mailed to a creditor within three years from the consummation of the loan." Thus, he claims that his alleged rescission of the loan was effective as a matter of law in this foreclosure action, and that the trial court erred in ruling on the motions at issue without considering the effect of *Jesinoski*.[8] We disagree.

We begin by setting forth the applicable standard of review. We review a trial court's ruling on motions to open under an abuse of discretion standard. *Valentine* v. *LaBow*, 95 Conn. App. 436, 451, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006). Under this standard, we give every reasonable presumption in favor of a decision's correctness and will disturb the decision only where the trial court acted unreasonably or in a clear abuse of discretion. Id. "As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) Id., 451–52.

Pursuant to General Statutes § 49-15 (a) (1), a trial court may, at its discretion, open and modify a judgment of strict foreclosure upon written motion of any person

having an interest in the judgment and for cause shown. "Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . In light of the extremely deferential standard of review governing the disposition of new claims raised posttrial and without the benefit of the trial court's reasoning as to those claims . . . the defendant's arguments are entitled to brief consideration only." (Internal quotation marks omitted.) *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 849, 158 A.3d 405 (2017).

The defendant's reliance on *Jesinoski* to support his objection to the plaintiff's motion to open the judgment of strict foreclosure, and his motion to open the judgment, is misplaced. In *Jesinoski*, a unanimous United States Supreme Court resolved a split among the federal circuit courts as to whether a borrower exercising his right to rescind a loan pursuant to TILA must file an action before the three year period elapses, or whether he may merely provide written notice to the lender during that time. *Jesinoski* v. *Countrywide Home Loans, Inc.*, supra, 135 S. Ct. 791. The petitioners, the Jesinoskis, refinanced the mortgage on their home by borrowing $611,000 from the respondent Countrywide Home Loans, Inc. (Countrywide). Id. Exactly three years after consummating the loan, the Jesinoskis mailed Countrywide and the respondent Bank of America Home Loans, which had acquired Countrywide, a letter purporting to rescind the loan. Id. After the respondent Bank of America Home Loans refused to acknowledge the validity of the rescission, the Jesinoskis filed an action in federal district court, seeking a declaration of rescission and damages. Id. The action was filed four years and one day after the consummation of the loan. Id. The District Court, concluding that TILA requires a borrower seeking rescission to file an action within three years of the loan's consummation, rendered judgment on the pleadings in favor of the respondents. Id. The United States Court of Appeals for the Eighth Circuit affirmed the judgment. Id. Relying on the language of TILA, the Supreme Court concluded that "[t]he language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind." Id., 792. The court held that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." Id. The court reversed the judgment of the Eighth Circuit affirming the dismissal of the complaint and remanded the case for further proceedings. Id., 793.

Contrary to the defendant's arguments, *Jesinoski* does not stand for the proposition that, as a matter

of law, his purported TILA rescission was effective to discontinue this foreclosure action simply because he contended that he mailed the notice of right to cancel within three years of the loan's consummation. *Jesinoski* resolved the issue of whether a borrower was required to mail notice and to file an action, as opposed to only mailing notice, within three years of the loan's consummation to effectuate a TILA rescission. That case was about the means by which a borrower may provide notice of rescission under TILA, not whether evidence of merely mailing a notice of right to cancel conclusively establishes rescission in a foreclosure action.[9] The defendant here misunderstands *Jesinoski*'s effect, and essentially argues that simply alleging the mailing of a rescission notice is sufficient to forestall a foreclosure action.[10] This is not so. On the basis of the foregoing, particularly *Jesinoski*'s clear inapplicability to the facts of this case,[11] we conclude that the court did not abuse its discretion in granting the plaintiff's motion to open the judgment of strict foreclosure for the purpose of setting new law days and denying the defendant's motion to open the judgment.[12]

## II

The defendant next calls our attention to the plaintiff's standing to maintain this action. Specifically, the defendant argues for the first time to this court that the Harborview Mortgage Loan Trust 2006-10 does not legally exist, and, therefore, Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust 2006-10, lacks standing to sue. We disagree, as the defendant has suggested no competent evidence, either at the time of the unopposed substitution of Wells Fargo as the plaintiff[13] or now, that the Harborview Mortgage Loan Trust 2006-10 "has no legal existence."

We are guided by the general principles governing a trial court's disposition of a motion to dismiss that challenges jurisdiction. Where, as here, "the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein." (Internal quotation marks omitted.) *Rocky Hill* v. *SecureCare Realty, LLC*, 315 Conn. 265, 278, 105 A.3d 857 (2015). Here, the defendant has presented no proof to rebut the plaintiff's jurisdictional allegations in its complaint that it is "the holder of [the] note and mortgage." See, e.g., *U.S. Bank, National Assn.* v. *Schaeffer*, 160 Conn. App. 138, 150, 125 A.3d 262 (2015) (because defendant provided no proof that holder of note was not owner of debt, defendant had not rebutted presumption that as holder of note, plaintiff had standing to foreclose); see also *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 133–35, 74 A.3d 1225 (2013) ("The production of the note establishes [the

plaintiff's] case prima facie against the makers and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." [Internal quotation marks omitted.]). The substituted plaintiff stands in the shoes of the original plaintiff, and a court is entitled to take the facts alleged in the complaint, as augmented by the facts alleged in the motion to substitute, and to conclude that standing has been established on that basis. Accordingly, the defendant's jurisdictional claim fails.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Ali Shah Bey is also named as a defendant in this action, but has not participated in the appeal. For this reason, we refer to Ford as the defendant throughout this opinion.

[2] This is the third appeal stemming from this foreclosure action. The defendant filed the first appeal in November, 2011. This court dismissed that appeal for failure to comply with Practice Book § 63-4 requirements. The defendant filed the second appeal in June, 2012. This court affirmed the judgment of strict foreclosure. *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 73 A.3d 742 (2013). The second appeal will be discussed further throughout this opinion.

[3] GMAC Mortgage, LLC (GMAC), was the original plaintiff in this action, as holder of the promissory note secured by the mortgage to be foreclosed by this action. The mortgage was assigned to the Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust 2006-10 on October 1, 2014, and GMAC successfully moved to substitute Wells Fargo as the plaintiff.

[4] TILA provides to a borrower the unconditional right to rescind a loan within three days of the loan's consummation. See 15 U.S.C. § 1635 (a). The right to rescind pursuant to TILA may be extended for up to three years, but only if a lender fails to make certain required disclosures to the borrower. See 15 U.S.C. § 1635 (f).

[5] In response to a motion to dismiss filed by the defendant, the plaintiff raised the issue of standing in anticipation of a challenge by the defendant. *Ford I*, supra, 144 Conn. App. 169. The plaintiff contended that it was in possession of the original note before the action commenced and, thus, had standing to foreclose the mortgage securing the note. Id. On January 21, 2011, for the reasons stated in the plaintiff's opposition, the court denied the defendant's motion to dismiss. Id.

[6] The trial court has not ruled on these motions.

[7] The defendant first appealed to our Supreme Court, and the appeal subsequently was transferred to this court.

[8] The defendant also argues that, in light of *Jesinoski*, this court must revisit its decision in *Ford I*. He claims that *Jesinoski* declares his TILA rescission effective as a matter of law. Accordingly, he argues that the burden of proof at summary judgment should have been placed on the plaintiff, as the movant, to disprove the effectiveness of his TILA rescission, and that in affirming the trial court's summary judgment and judgment of strict foreclosure, this court decided that his TILA rescission was ineffective—a decision that "conflicts with the [United States] Supreme Court." We reject this argument for two reasons. First, *Jesinoski* does not apply to the facts of this case. Second, the defendant has appealed to this court seeking review of the trial court's judgment granting the plaintiff's motion to open and denying the defendant's motion to open, not whether this court's decision in *Ford I* is proper in light of *Jesinoski.*

[9] Although we do not reach the merits of the defendant's arguments regarding the requirements of a TILA rescission, we note that a TILA rescission within the three year statutory period also requires that "the information and forms required under this section or any other disclosures required under this part have not been delivered" to the borrower. 15 U.S.C. § 1635 (f); see also *Jesinoski* v. *Countrywide Home Loans, Inc.*, supra, 135 S. Ct. 792 ("[the TILA] regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to

satisfy the Act's disclosure requirements"). Where a defendant in a foreclosure action alleges a TILA rescission within three years of the loan's consummation date, the issue is whether the defendant was entitled to the three year rescission period because he did not receive the required disclosures, not merely whether the defendant mailed the notice within the three year period.

[10] The defendant argues that the mailing of a rescission notice, whether disputed by the lender or undisputed, is sufficient. Specifically, he claims that "*Jesinoski* shows that the presence of a disputed claim has no bearing on the effectiveness of a TILA notice." This language from the Supreme Court's opinion was in response to an argument advanced by the respondents that, although written notice of rescission would suffice for undisputed claims, an action would be required, in addition to written notice, where the parties disputed the adequacy of the disclosures. *Jesinoski* v. *Countrywide Home Loans, Inc.*, supra, 135 S. Ct. 792. The Supreme Court's conclusion that "[s]ection 1635 (a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter;" id.; is of no significance to the facts of the present case.

[11] The plaintiff argues that *Jesinoski* does not apply retrospectively to this action. The defendant responds that the plaintiff waived this argument by failing to raise it before the trial court and, alternatively, that *Jesinoski* would apply to the facts of his case because it was pending when the decision was released. Because we conclude that *Jesinoski* does not apply to the facts of this case, we decline to address these arguments.

[12] The defendant also argues the significance of the facts that the plaintiff's complaint listed, as a possible encumbrance to title, the rescission notice filed in the Bridgeport land records, and that the plaintiff has not denied receiving the rescission notice. These arguments are immaterial to this appeal. The defendant argued rescission before the trial court. The trial court granted the plaintiff's motion for summary judgment and entered a judgment of strict foreclosure, which this court affirmed, concluding that "[t]he defendant presented no documentary evidence or other proof to support his allegations that the note and mortgage were properly rescinded in accordance with [TILA]." *Ford I*, supra, 144 Conn. App. 178. The only new element of the defendant's argument is *Jesinoski*. In light of *Jesinoski*'s inapplicability to this case, we need not consider these arguments. To the extent that the defendant also argues that his constitutional rights have been violated, that this litigation has been unfair, and that it would be "manifest injustice" if this court does not overturn *Ford I*, those arguments likewise need not be considered in light of our reading of *Jesinoski*.

[13] As noted in footnote 3 of this opinion, GMAC was the original plaintiff in this action and successfully moved to substitute Wells Fargo as the plaintiff.