******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WELLS FARGO BANK, N.A. *v.* GENEVIEVE HENDERSON
## (AC 38563)

Lavine, Keller and Pellegrino, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain of the defendant's real property. The trial court granted the plaintiff's motion for summary judgment as to liability and its motion for a judgment of strict foreclosure, and rendered judgment thereon, from which the defendant appealed to this court. *Held*:

1. The defendant could not prevail on her claim that the trial court improperly granted the plaintiff's motion for summary judgment as to liability, which was based on her claim that the plaintiff lacked standing to foreclose because it had not been assigned the mortgage and note until after it commenced the action: the trial court determined that the plaintiff proffered documentary evidence establishing a prima facie foreclosure case and that the defendant presented no evidence to support her argument that the plaintiff was not the holder of the note on the date the action commenced, and even if the mortgage was assigned after the foreclosure action commenced, the plaintiff's theory, which was supported by an affidavit, was that it was the holder of the note when the action commenced, and the unrebutted affidavit and copy of the note were sufficient to establish, for summary judgment purposes, the plaintiff's standing to foreclose; moreover, the trial court did not improperly decline to review the merits of several of the defendant's amended special defenses, which were substantively nearly identical to ones that previously were stricken by the court and, thus, were properly disposed of summarily by the court in ruling on the plaintiff's motion for summary judgment, the plaintiff's affidavit stating that the plaintiff possessed the original copy of the note was clearly a reference to the original document, and the defendant was not deprived of an evidentiary hearing on the issue of the plaintiff's standing, as she failed to establish that a genuine issue of material fact existed with regard to whether the plaintiff had standing to foreclose.

2. The defendant was not deprived of due process with respect to several motions and a request for a chain of custody hearing that she filed during the course of the litigation, the defendant having been provided with a full and fair opportunity to present her counterarguments to the plaintiff's motion for summary judgment as to liability: the record was inadequate for review of the defendant's claim that she was prevented from making oral argument on a second motion to dismiss that she filed, and even if the court did not hear argument on that motion, the defendant suffered no harm because she presented in other motions the same argument as to standing that she raised in the second motion, and the defendant was not deprived of an evidentiary hearing on the second motion because she submitted no proof to rebut the plaintiff's jurisdictional allegations in its complaint; moreover, there was no denial of due process with respect to the defendant's request for a chain of custody hearing because the granting of the plaintiff's motion for summary judgment dispensed with the need for any such hearing, the defendant had no right to an evidentiary hearing on her motion to reargue, which the court had the discretion to deny without a hearing, and the defendant was not deprived of oral argument on her motion for a continuance, as she failed to provide any record of a request for oral argument on that motion, oral argument was not required under the applicable rule of practice (§ 11-18 [a]), the trial court had the discretion to rule on the motion without providing for oral argument, and the defendant made no claim that the trial court abused its discretion in denying the motion.

Argued April 10—officially released August 15, 2017

*Procedural History*

Action to foreclose a mortgage on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the defendant filed a counterclaim; thereafter, the court, *Marcus*, *J.*, granted the plaintiff's motion to strike; subsequently, the court, *Domnarski*, *J.*, denied the defendant's motion to dismiss; thereafter, the court, *Aurigemma*, *J.*, granted the plaintiff's motions for summary judgment as to liability and for a judgment of strict foreclosure, and rendered judgment thereon, from which the defendant appealed to this court. *Affirmed.*

*Genevieve Henderson*, self-represented, the appellant (defendant).

*Sean R. Higgins*, for the appellee (plaintiff).

*Opinion*

KELLER, J. In this foreclosure action, the self-represented defendant, Genevieve Henderson, appeals from the trial court's rendering of summary judgment in favor of the plaintiff, Wells Fargo Bank, N.A.[1] The defendant claims that (1) the plaintiff failed to demonstrate that it had standing to foreclose, and (2) she was deprived of due process of law in connection with several motions that she brought during the course of the litigation.[2] We conclude that the defendant's claims lack merit and, accordingly, affirm the judgment of the court.

In rendering its summary judgment decision, the court, *Aurigemma, J.*, reviewed the documentation submitted in support of the plaintiff's motion for summary judgment, to which the defendant did not file any written objection. As a result of the lack of any objection, the court also considered the defendant's second motion for summary judgment, which in substance essentially was a cross motion for summary judgment, and the documentation annexed thereto, which had been filed subsequent to the plaintiff's motion. This approach was invited by the plaintiff's counsel, who pointed out to the court that the defendant's cross motion for summary judgment also served as a response to the plaintiff's motion for summary judgment.

In a memorandum of decision, the court stated the following with respect to its review of the supporting affidavits and documentation: "The [plaintiff] has moved for summary judgment on the grounds that there are no genuine issues of material fact as to the [defendant] and the plaintiff is entitled to summary judgment as a matter of law. The plaintiff has supported its motion with the affidavit of Alisha Mulder, vice president, loan documentation, of [the plaintiff], which appends the note, mortgage and notice of default. The defendant has supported her objection to . . . summary judgment with her own affidavit. . . .

"On December 31, 2007, the defendant executed and delivered a note to Wachovia Mortgage [Corporation] (Wachovia) in the original principal amount of $180,000. [The plaintiff] has been the holder of the note for all times relevant to this action.

"Also on December 31, 2007, the defendant executed a mortgage . . . in favor of Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for Wachovia Mortgage Company to secure the note with real property located [in Middlefield]. . . . The mortgage was dated December 31, 2007, and recorded January 7, 2008. . . . MERS subsequently assigned the mortgage to [the plaintiff].

"The defendant is in default under the terms of the note and mortgage for failing to make payments. [The plaintiff] provided notice of default to the defendant dated April 18, 2010 and elected to accelerate the sums

due and owing under the note. [The plaintiff] commenced this action against the defendant by [writ of] summons and complaint bearing a return date of August 31, 2010.

"The parties engaged in mediation through the Judicial Branch mediation program. When mediation was unsuccessful, the defendant filed an answer and [special defenses] on March 18, 2013, and a counterclaim on April 15, 2013. On February 21, 2014, the court granted [the plaintiff's] motion to strike the special defenses and counterclaim.

"The defendant filed a motion to dismiss [the plaintiff's] complaint for lack of standing on February 18, 2014. The court denied the motion to dismiss on May 6, 2014.[3]

"Thereafter, the defendant refiled her answer and substituted/amended [special] defenses and substituted counterclaim, which were nearly identical to those which had already been stricken by the court. The defendant added the following language to the substituted [special] defenses and counterclaim: 'Because the plaintiff was not assigned the mortgage nor the note on or before August of 2010, [the] plaintiff lacks standing and cannot state a claim upon which relief may be granted.' . . .

"In this case, the defendant does not dispute any of the facts alleged and support[ing] evidence establishing the plaintiff's prima facie foreclosure case. She admits that she executed the mortgage, that she is in default, [and] that [the plaintiff] holds the note and mortgage. The defendant asserts, without any evidence, that [the plaintiff] was not assigned the mortgage and note on or before August, 2010, when it filed the complaint. The defendant also reasserts special defenses relating to loss mitigation and mediation, which this court has already rejected. . . .

"With no evidence supporting the first special defense (concerning standing), that special defense presents no impediment to the summary judgment. The second (refusal to accept payment), third (breach of contract) and fourth (misrepresentation of facts) special defenses have been stricken. In support of its motion to strike, the plaintiff argued that none of the special defenses related to the making, validity and enforcement of the note and, therefore, did not constitute valid defenses to the foreclosure action. . . . The court agreed and struck the defenses and the counterclaim.

"The defendant has presented no evidence to support her argument that the plaintiff was not the holder of the note and assignee of the mortgage on the date this action commenced.[4] All of the statements of fact in the defendant's affidavit relate to conduct which occurred during the mediation process.[5] Nothing in the note, mortgage or mediation statute [General Statutes § 49-

31o] requires the plaintiff to modify the defendant's mortgage. Therefore, the defendant's claims that the plaintiff breached an agreement to modify the note and mortgage does not constitute a defense to the foreclosure action." (Citations omitted; footnotes added.)

The court denied the defendant's second motion for summary judgment on November 12, 2014, and granted the plaintiff's motion for summary judgment on November 19, 2014. The defendant filed a motion to reargue on December 8, 2014, which the court denied on December 9, 2014. Thereafter, the court rendered judgment of strict foreclosure on August 31, 2015. The plaintiff filed this appeal on November 20, 2015. Additional facts and procedural history will be provided within the context of our analysis.

I

The defendant claims that the plaintiff failed to demonstrate that it had standing to foreclose and, therefore, that the trial court improperly granted the plaintiff's motion for summary judgment. We address this claim first because, if the defendant prevails with respect to this claim, we need not address her remaining claims. We disagree that the plaintiff failed to demonstrate that it had standing to foreclose.

"[O]ur review of summary judgment rulings is plenary. . . . Pursuant to Practice Book § 17-49, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 333, 71 A.3d 492 (2013). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue . . . by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 568–69, 512 A.2d 893 (1986).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction

of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *One Country, LLC* v. *Johnson*, 314 Conn. 288, 297, 101 A.3d 933 (2014).

In support of her claim, the defendant argues that the plaintiff lacked standing to foreclose because it was assigned the note and mortgage after it commenced the present action. The parties presented the following documentation in connection with their cross motions for summary judgment.[6] The plaintiff provided, inter alia, a copy of the note, which shows an endorsement in blank, and a sworn affidavit from an employee of the plaintiff. The affidavit states that Wachovia transferred the note to the plaintiff on October 16, 2009, and that the plaintiff has retained and continues to retain possession of the note since the date of the transfer. Also provided by the defendant was a copy of an acceleration notice addressed to the defendant.

The defendant provided the court with a copy of a document entitled "Corporate Assignment of Mortgage" (assignment), which lists MERS as the assignor and the plaintiff as the assignee. The date of assignment listed on the document is October 7, 2011, a date occurring after this action was commenced. The defendant also executed an affidavit in which she asserts that, "based on [her] review" of the copies of the note and assignment, "[the plaintiff] was not assigned the note or mortgage on or before it commenced [its] action in August, 2010." (Emphasis omitted.)

This court has been very clear as to standing in the context of foreclosure actions: "The rules for standing in foreclosure actions when the issue of standing is raised may be succinctly summarized as follows. When a holder seeks to enforce a note through foreclosure, the holder must produce the note. The note must be sufficiently endorsed so as to demonstrate that the foreclosing party is a holder, either by a specific endorsement to that party or by means of a blank endorsement to bearer. If the foreclosing party shows that it is a valid holder of the note and can produce the note, it is presumed that the foreclosing party is the rightful owner of the debt. That presumption may be rebutted by the defending party, but the burden is on the defending party to provide sufficient proof that the holder of the note is not the owner of the debt, for example, by showing that ownership of the debt had passed to another party. It is not sufficient to provide that proof, however, merely by pointing to some documentary lacuna in the chain of title that might give rise to the possibility that some other party owns the debt. In order to rebut the presumption, the defendant must prove that someone else is the owner of the note and debt. Absent that proof, the plaintiff may rest its standing

to foreclose on its status as the holder of the note." (Emphasis omitted; footnote omitted.) *U.S. Bank, National Assn.* v. *Schaeffer*, 160 Conn. App. 138, 150, 125 A.3d 262 (2015).

As noted previously, the court ruled that the plaintiff had proffered documentary evidence establishing a prima facie foreclosure case and that the defendant had presented no evidence to support her argument that the plaintiff was not the holder of the note on the date this action commenced. The facts alleged in the defendant's affidavit, that "based on [her] review" of the copies of the note and assignment, "[the plaintiff] was not assigned the note or mortgage on or before it commenced [its] action in August, 2010," are mere "bald assertions, [which] without more, are insufficient to raise a genuine issue of material fact . . . ." (Internal quotation marks omitted.) *CitiMortgage, Inc.* v. *Coolbeth*, 147 Conn. App. 183, 193, 81 A.3d 1189 (2013), cert. denied, 311 Conn. 925, 86 A.3d 469 (2014); see also Practice Book § 17-46 (affidavits supporting and opposing summary judgment "shall be made on personal knowledge").

With respect to the defendant's claim regarding the date of the assignment of the mortgage, which indisputably occurred subsequent to the commencement of this action, it is of no consequence to an analysis of standing that the mortgage was assigned after the proceeding commenced because the plaintiff's theory, supported by the aforementioned employee affidavit submitted in support of its summary judgment motion, was that it was the holder of the *note* when the suit began. See *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 576–77, 989 A.2d 606 ("[General Statutes § 49-17] codifies the common-law principle of long standing that the mortgage follows the note . . . . Our legislature, by adopting § 49-17, has provide[d] an avenue for the holder of the note to foreclose on the property when the mortgage has not been assigned to him. . . . The holder is the person or entity in possession of the instrument if the instrument is payable to bearer. . . . When an instrument is endorsed in blank, it becomes payable to bearer . . . ." [Citations omitted; internal quotation marks omitted.]), cert. denied, 295 Conn. 922, 991 A.2d 564 (2010). The plaintiff's unrebutted affidavit and copy of the note were sufficient to establish, for summary judgment purposes, the plaintiff's standing to foreclose.[7] See *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 177, 73 A.3d 742 (2013) (prima facie burden of showing mortgagee is owner of debt "satisfied when the mortgagee includes . . . a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action"); *HSBC Bank USA, N.A.* v. *Navin*, 129 Conn. App. 707, 712, 22 A.3d 647 ("because the defendant offered no evidence to contest the plaintiff's assertion [in an affidavit] that it possessed the note at the time that it com-

menced the present action, we conclude that the plaintiff had standing"), cert. denied, 302 Conn. 948, 31 A.3d 384 (2011).

We briefly address a few of the defendant's remaining arguments in support of her claim that the entry of summary judgment in favor of the plaintiff was improper. The court did not, as the defendant contends, improperly decline to review the merits of several of her amended special defenses in its memorandum of decision granting summary judgment. The court correctly observed that all but one of the defendant's amended special defenses were, substantively, nearly identical to ones that previously were struck by the court. See Practice Book § 10-39. The court was therefore permitted to summarily dispose of those special defenses in ruling on the motion for summary judgment. See *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982) ("[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case").

The one special defense that had not previously been struck alleged that the plaintiff did not have standing because it was not the holder of the note or the assignee of the mortgage when it commenced its foreclosure action, the very claim that formed the basis for the defendant's second motion for summary judgment, which the court clearly addressed as a cross motion.[8]

Additionally, the defendant argues that the plaintiff's affidavit was insufficient for summary judgment purposes to show that the plaintiff held the note when this proceeding commenced because the affidavit states that the plaintiff possessed "the original copy of the [n]ote . . . ." Specifically, the defendant posits that the phrase, "original copy," means something other than the original—that is, "wet ink"—note. We disagree. The more plausible interpretation in the context of the affidavit is that "the original copy" refers to the original note because, immediately prior, the affidavit states that "[o]n October 16, 2009, Wachovia transferred *the* [n]*ote* to Wells Fargo." (Emphasis added.) Even considered in isolation, the phrase, "the original copy," is clearly a reference to the original document. Accord *Johnson* v. *Cherry*, 422 F.3d 540, 547 n.2 (7th Cir. 2005) ("[i]f the document is *the original copy*, the ink of the signature will smear" [emphasis added]).

Finally, the defendant argues that she was improperly deprived of an evidentiary hearing on the issue of the plaintiff's standing in connection with her second motion for summary judgment. The defendant's argument causes us to conclude that she misunderstands the nature and purpose of a motion for summary judgment, which is to determine whether there is a genuine *issue* of material fact on the basis of the pleadings, affidavits and any other proof submitted in documentary form.

See Practice Book §§ 17-45 and 17-49. "The fundamental purpose of summary judgment is preventing unnecessary trials." *Stuart* v. *Freiberg*, 316 Conn. 809, 822, 116 A.3d 1195 (2015). If evidentiary presentations and testimony were to be permitted, the intent to reduce litigation costs by way of the summary judgment procedure would be undermined, and there may as well be a trial on the merits. As explained previously, in opposing the plaintiff's motion for summary judgment, as well as in the presentation of her second motion for summary judgment, the defendant did not establish that a genuine issue of material fact existed with regard to whether the plaintiff had standing to foreclose. For the foregoing reasons, the defendant's first claim fails.

II

The defendant's second claim is that she was deprived of due process of law in connection with several motions and a "[r]equest" that she filed during the course of the litigation. The defendant has briefed this second claim in a haphazard and confusing manner, referring to motions that had been denied on previous dates despite the fact that she appeals only from the decision of the court granting summary judgment on the issue of liability in favor of the plaintiff, which was issued on November 19, 2014,[9] and the entry of the judgment of strict foreclosure on August 31, 2015. Nevertheless, we have striven to fit the pieces of the puzzle together and have discerned that she presents this claim as to the following pleadings: (1) a first motion for summary judgment, which claimed that the plaintiff lacked standing and was denied by the court on June 2, 2014; (2) a second motion to dismiss, denied by the court on June 30, 2014, which also claimed that the plaintiff lacked standing; (3) a request for a chain of custody hearing, to which the plaintiff objected for lack of any procedural basis in rule, case law or statute, and on which the court took no action, marking the matter off on August 4, 2014; (4) a motion for a continuance pursuant to Practice Book § 17-47, to permit the completion of discovery by the party opposing summary judgment; (5) a second motion for summary judgment, which was denied by the court on November 12, 2014; and (6) a motion to reargue, which the court denied on December 9, 2014. The defendant argues that the court improperly (1) refused to hear oral argument on the second motion to dismiss, the request for a chain of custody hearing, the motion for a continuance and the first and second motions for summary judgment, and (2) failed to conduct evidentiary hearings in connection with her second motion to dismiss, her request for a chain of custody hearing, her first and second summary judgment motions and her motion to reargue.

We disagree that the defendant was deprived of due process. The defendant presented to the court in numerous, repetitive filings her argument that the plaintiff

lacked standing to foreclose because it was not in possession of the note and the mortgage prior to its initiation of this action, along with documents in support thereof.[10]

As to her claim of being prevented from presenting oral argument on her second motion to dismiss, which was denied on June 30, 2014, the defendant has not provided us with an adequate record for review that substantiates her claim that the court ruled on this particular motion without providing her with an opportunity for argument. In the absence of evidence to the contrary, we presume that the court followed Practice Book § 11-18 (a), which grants a party filing a motion to dismiss the right to oral argument. The plaintiff contends that the court, at a hearing held on June 2, 2014, considered this motion along with the defendant's first motion for summary judgment, and that the parties presented oral argument on the issue of standing. A review of the transcript of that hearing does indicate that the court also considered the defendant's second motion to dismiss at that time. At the beginning of that hearing, the plaintiff's attorney brought the pendency of the defendant's second motion to dismiss to the attention of the court and advised the court that the second motion to dismiss made the same claim as to the alleged lack of the plaintiff's standing that the defendant was making in her first motion for summary judgment. The plaintiff further argued that the defendant's claim of lack of standing lacked evidentiary support. The plaintiff's counsel stated: "Aside from asserting a number of times in her various pleadings, which, if the court reviews the docket, you will see, most recently, I believe, a second motion to dismiss, even though the court has already denied the first motion to dismiss, and a subsequent motion to reconsider and reargue that motion. [The defendant] is simply restating over and over again that they don't have the note. They don't have the mortgage."

There is further support for the fact that the court considered the second motion to dismiss on June 2, 2014, because the court denied both motions subsequent to that hearing, denying the motion for summary judgment on June 2, 2014, and the second motion to dismiss on June 30, 2014. We further conclude that even if the court did not undertake to hear both motions on June 2, 2014, we are persuaded that the defendant suffered no harm or unfairness because she had ample opportunity to, and in fact did, present her argument, as set forth identically in both pending motions, relative to the plaintiff's alleged lack of standing.[11] Moreover, undaunted by the denial of her second motion to dismiss and her first motion for summary judgment, the defendant thereafter filed her second motion for summary judgment, reiterating her claim that the plaintiff lacked standing because it was not in possession of the note or the mortgage prior to the date it commenced this action.

As to the defendant's claim of deprivation of an evidentiary hearing on her second motion to dismiss, if the defendant submitted no proof to rebut the plaintiff's jurisdictional allegations in its complaint, the plaintiff was entitled to rest on its allegations and the court could consider them undisputed, thereby properly denying dismissal without the need to resort to further proceedings for the taking of evidence. No evidentiary hearing to establish jurisdictional facts is required unless the determination is dependent on the resolution of a critical factual dispute, which the defendant failed to raise. See *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009); *Mengwall* v. *Rutkowski*, 152 Conn. App. 459, 465, 102 A.3d 710 (2014) (defendant not entitled to full evidentiary hearing on motion to dismiss contesting standing because "defendant failed to establish that a genuine dispute as to jurisdictional facts exists").

As for her claim of being deprived of oral argument on her motion for a continuance, on June 18, 2014, the defendant moved for an extension of time to file discovery to properly respond to the plaintiff's motion for summary judgment.[12] On June 30, 2014, the court, *Aurigemma, J.*, issued an order stating that "[a]ll outstanding motions, including motions for summary judgment, shall be heard on August 11, 2014, at 9:30 a.m." The court, *Domnarski, J.*, granted the plaintiff an extension until July 21, 2014. On July 24, 2014, the defendant filed a motion for a continuance of the summary judgment hearing to permit the completion of discovery, which the court denied on August 6, 2014. A decision on a motion for a continuance is reviewed for an abuse of discretion by the trial court, but the defendant makes no claim that this denial was an abuse of discretion; she claims only that she was denied an opportunity to present oral argument on this motion. The defendant has failed to provide any record of a request on her part for oral argument of her motion, and a motion for a continuance is not one of the civil motions that require oral argument pursuant to Practice Book § 11-18 (a).[13] As a result, the court had the discretion to rule on her motion for a continuance without providing for oral argument. Furthermore, neither at the commencement of the hearing on August 11, 2014, or at any time during that proceeding did the defendant renew her request for a continuance.

With respect to the defendant's claim that she was deprived of oral argument and an evidentiary hearing on her request for a chain of custody hearing, to which the plaintiff objected, that request and the objection thereto had been marked off the short calendar by the court, *Domnarski, J.*, on August 4, 2014. At the commencement of the hearing on the plaintiff's motion for summary judgment and the defendant's second motion for summary judgment on August 11, 2014, the defendant acquiesced in the court's suggestion that there

would be no need to discuss her request for a chain of custody hearing to resolve the issue of standing because first entertaining the pending summary judgment motions might resolve whether there was a need for such hearing. After hearing lengthy argument on the summary judgment jurisdictional and special defense issues, the court took the matter under advisement and adjourned. Prior to that adjournment, the defendant did not bring anything to the attention of the court that required additional consideration. The granting of the plaintiff's motion for summary judgment dispensed with any need for such a hearing, and the court had no need to consider it and did not ultimately deny it, as the defendant contends. There was no denial of due process with respect to the defendant's request for a chain of custody hearing.

In addition, as we noted in part I of this opinion, the defendant had no right to an evidentiary hearing on either her first or second motion for summary judgment. Although she claims that she was denied oral argument on both of her motions for summary judgment, the record discloses that the court heard oral argument on her first motion for summary judgment on June 2, 2014, and heard oral argument on her second motion for summary judgment on August 11, 2014.

Last, the defendant claims that her motion to reargue was denied without an evidentiary hearing. The defendant had no right to an evidentiary hearing on her motion to reargue, and the court had the discretion to deny it without a hearing. Practice Book § 11-12 (c) provides: "The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted. If the judge grants the motion, the judge shall schedule the matter for hearing on the relief requested."

We therefore conclude that the defendant was provided with a full and fair opportunity to present her counterarguments to the plaintiff's motion for summary judgment as to liability. She has failed to demonstrate that a denial of her due process rights occurred.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.

[1] On her appeal form, the defendant states that the judgment dates of the decisions being appealed are August 31, 2015, and August 11, 2014. The judgment of strict foreclosure was rendered on August 31, 2015; however, there is nothing in the record that reflects that a judgment was rendered on August 11, 2014. Nonetheless, the defendant states that she is appealing from "summary judgment-strict foreclosure," which were rendered separately on November 19, 2014, and August 31, 2015, respectively. After thoroughly reviewing the issues briefed by the defendant, we conclude that all of her claims relate to the court's granting of summary judgment on the issue of liability on November 19, 2014.

[2] In her appellate brief, the defendant raises three claims. The first two, however, are both premised largely on the defendant's assertion that the plaintiff lacked standing to foreclose. We therefore address both of those

claims in part I of this opinion.

[3] This was the first of two motions to dismiss filed by the defendant. In her first motion, she alleged that the court lacked subject matter jurisdiction because the plaintiff lacked standing. Her claim of lack of standing was based on the fact that the plaintiff was not the original lender and had not submitted proof of an assignment of the note evidencing its status as the holder of the note at the time of the filing of its complaint. This claim, in substance, is identical to her claim as to lack of standing in her second motion to dismiss, and her claims as to lack of standing in both her first and second motions for summary judgment. In denying the defendant's first motion to dismiss, the court, *Domnarski*, *J.*, ruled that the court could "accept the allegations in the complaint because the defendant has not filed any affidavit or document that calls into question that the plaintiff is the holder of the note. Furthermore, the defendant has not asserted that the plaintiff is not the holder of the note. An evidentiary hearing is not required. See *GMAC Mortgage*, *LLC* v. *Ford*, 144 Conn. App. 165, 174, 73 A.3d 742 (2013)."

[4] It is undisputed that the mortgage was not assigned to the plaintiff until after it had commenced this action. As we will discuss in part I of this opinion, although the court was incorrect in finding that the plaintiff was the assignee of the mortgage on the date the action commenced, the timing of the mortgage assignment has no bearing on the determination of whether the plaintiff had standing.

[5] After reviewing the defendant's affidavit in support of her second motion for summary judgment, we can discern no factual allegations related to her special defenses. During oral argument before the trial court on August 11, 2014, however, both parties argued the viability of the defendant's special defenses in relation to the foreclosure action.

[6] As noted previously, the defendant posed no written objection to the plaintiff's motion for summary judgment, but the court considered the documentation she had attached to her subsequently filed second motion for summary judgment.

[7] We also observe that, during a previous hearing on the first motion for summary judgment filed by the defendant, which occurred on June 2, 2014, at which the defendant was present, Judge Aurigemma *did* in fact review the original note, which was produced by the plaintiff's attorney. Because a court may grant summary judgment in a foreclosure action even if the plaintiff does not produce the original note in support of its motion for summary judgment; see *GMAC Mortgage*, *LLC* v. *Ford*, 144 Conn. App. 165, 177, 73 A.3d 742 (2013); we see no need to address the defendant's claim that only a copy of the note was produced on June 2, 2014, a factual assertion for which there is no basis in the record, or that the production during that hearing occurred ex parte because she did not view the document that was shown to the court.

[8] We note, however, that the court did not render summary judgment in favor of the plaintiff on the defendant's amended counterclaim, which remains undisposed and pending in the case. This was appropriate because a motion for summary judgment is directed at a specific pleading, defense or claim, and the plaintiff did not file a motion for summary judgment on the counterclaim. See W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Civil Rules (2016–2017 Ed.) § 17-44, p. 826. As neither party sought a deferral of the appeal from the granting of the plaintiff's motion for summary judgment or the rendering of the strict foreclosure judgment, which constituted a final judgment on the entire complaint, this matter was properly appealed despite the lack of a conclusion of the entire case as a result of no judgment having been rendered on the counterclaim. See Practice Book § 61-2.

[9] See footnote 1 of this opinion.

[10] See part I of this opinion for a description of those documents.

[11] We reject the defendant's assertion that the court denied her first motion for summary judgment only on procedural grounds. The record does not reflect the basis for the court's denial, and the defendant did not seek an articulation.

[12] Her purported need for further discovery to object to the plaintiff's motion for summary judgment, however, had not deterred the defendant from filing two motions to dismiss and two motions for summary judgment on the basis of an alleged lack of standing by the plaintiff due to its not being in possession of the note prior to the filing of its foreclosure complaint.

[13] Practice Book § 11-18 (a) provides in relevant part: "Oral argument is at the discretion of the judicial authority except as to motions to dismiss,

motions to strike, motions for summary judgment, motions for judgment of foreclosure, and motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. . . .”

_____