******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# U.S. BANK NATIONAL ASSOCIATION, TRUSTEE *v.* GARLAND JACKSON ET AL.
## (AC 48595)

Cradle, C. J., and Moll and Westbrook, Js.

*Syllabus*

The defendant property owner appealed from the trial court's judgment of foreclosure by sale rendered for the plaintiff. He claimed, inter alia, that the court improperly denied his motion for summary judgment predicated on his contention that the plaintiff failed to provide him with an Emergency Mortgage Assistance Program (EMAP) notice required pursuant to statutes (§§ 8-265dd and 8-265ee). *Held*:

The trial court properly denied the defendant's motion for summary judgment on the basis of its conclusion that the plaintiff provided an EMAP notice to the defendant in accordance with § 8-265dd, as notice is given for purposes of § 8-265dd (b) when the notice provisions of § 8-265ee are met, and the notice provisions of § 8-265ee (a) do not require delivery of an EMAP notice but, rather, a plaintiff need only demonstrate that the EMAP notice was mailed as directed in § 8-265ee (a).

The trial court properly granted the plaintiff's motion for summary judgment as to liability only, as, after the plaintiff met its initial burden to demonstrate the lack of a genuine issue of material fact that it owned the note, the burden shifted to the defendant to establish the existence of such an issue, and the defendant failed to produce any evidence to satisfy that burden.

Argued February 2—officially released June 2, 2026

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the defendant United States Department of the Treasury, Internal Revenue Service, was defaulted for failure to appear and the defendant Department of Revenue Services was defaulted for failure to plead; thereafter, the court, *Stone, J.*, granted the plaintiff's motion for summary judgment as to liability only and denied the defendant's motion for summary judgment; subsequently, the court, *Stone, J.*, rendered judgment of foreclosure by sale, from which the named defendant appealed to this court. *Affirmed*.

*Christopher G. Brown*, for the appellant (named defendant).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant Garland Jackson, also known as Garland Jackson, Jr.,[1] appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, U.S. Bank National Association, as Trustee for the CIM Trust 2018-R6 Mortgage-Backed Notes, Series 2018-R6. On appeal, the defendant claims that the court improperly **(1)** denied his motion for summary judgment predicated on his contention that the plaintiff failed to provide him with an EMAP[2] notice and **(2)** granted the plaintiff's motion for summary judgment as to liability only when the plaintiff failed to satisfy its burden to establish an undisputed prima facie case. We disagree and, accordingly, affirm the judgment of the trial court.

The following procedural history is relevant to our resolution of this appeal. On October 19, 2022, the plaintiff commenced the present action. In its complaint, the plaintiff alleged in relevant part as follows. By way of a promissory note dated July 31, 2006 (note), the defendant promised to pay the principal sum of $329,282.42 payable with interest to American General Financial Services, Inc. To secure the note, the defendant executed a mortgage on real property that he owned at 66 Woodfield Road in Woodbridge (property). The mortgage deed was recorded on August 2, 2006, on the Woodbridge land records, which deed later was modified by a loan modification agreement dated May 18, 2016. Following several prior assignments, the mortgage was assigned to the plaintiff by a predecessor in interest by an assignment

---

[1] The complaint also named the United States Department of the Treasury, Internal Revenue Service, and the Department of Revenue Services as defendants, but those parties were defaulted for failure to appear and for failure to plead, respectively, and are not participating in this appeal. For purposes of clarity, we refer to Jackson as the defendant.

[2] "'EMAP' stands for the Emergency Mortgage Assistance Program. General Statutes §§ 8-265cc through 8-265kk." *7 Germantown Road, LLC* v. *Danbury*, 351 Conn. 169, 185 n.8, 329 A.3d 927 (2025).

dated August 29, 2022, and recorded on the Woodbridge land records on September 14, 2022. On or sometime prior to August 12, 2022, "the plaintiff became and at all times since then has been the party entitled to collect the debt evidenced by [the] note and is the party entitled to enforce [the] mortgage." Following a default for non-payment, the plaintiff exercised its option to declare the entire balance of the note due and payable. On August 10, 2023, the defendant filed an answer and asserted one special defense "den[ying] the authenticity of, and the authority to make, each signature on the note, or any paper affixed to the note, except his own signature."

On July 8, 2024, the plaintiff filed a motion for summary judgment as to liability only, accompanied by a supporting memorandum of law and exhibits, which included an affidavit of Mario Selva (Selva affidavit), an assistant vice president of the plaintiff's mortgage loan servicer. On August 22, 2024, the defendant filed a memorandum of law in opposition to the plaintiff's motion. On September 27, 2024, the plaintiff filed a reply brief and a supporting exhibit. On November 1, 2024, the trial court, *Stone*, *J.*, granted the plaintiff's motion.

On November 8, 2024, the defendant filed a motion for summary judgment, accompanied by a supporting memorandum of law and a personal affidavit, with an appended exhibit, claiming that the plaintiff failed to provide him with an EMAP notice. On November 12, 2024, the plaintiff filed a memorandum of law in opposition to the defendant's motion. On November 22, 2024, the defendant filed a reply brief. On January 15, 2025, the court denied the defendant's motion.

On March 10, 2025, the court rendered a judgment of foreclosure by sale,[3] finding the fair market value of the property to be $608,000 and the amount of the debt to be $377,856.86, and setting a sale date of May 31, 2025. This appeal followed. Additional procedural history will be set forth as necessary.

---

[3] On December 20, 2022, the plaintiff filed a motion for a judgment of strict foreclosure.

Before addressing the defendant's claims, we set forth the standard of review applicable to the court's decisions adjudicating the parties' respective motions for summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The courts are in entire agreement that the moving party . . . has the burden of showing the absence of any genuine issue as to all the material facts . . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the [nonmoving] party must present evidence that demonstrates the existence of some disputed factual issue. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Our review of the trial court's decision to grant [or to deny a motion] for summary judgment is plenary." (Internal quotation marks omitted.) *Chase Home Finance, LLC* v. *Scroggin*, 224 Conn. App. 549, 559–60, 313 A.3d 1260, cert. denied, 350 Conn. 911, 324 A.3d 143 (2024).

I

The defendant first claims that the trial court improperly denied his motion for summary judgment predicated on his claim that the plaintiff failed to provide him with an EMAP notice. We disagree.

Insofar as the defendant's claim requires us to construe statutory provisions, we are presented with an issue "of statutory interpretation subject to plenary review. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning,

General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . It is a basic tenet of statutory construction that [w]e construe a statute as a whole and read its subsections concurrently in order to reach a reasonable overall interpretation." (Citations omitted; internal quotation marks omitted.) *Civic Mind, LLC* v. *Hartford*, 229 Conn. App. 615, 637–38, 328 A.3d 225 (2024), cert. denied, 351 Conn. 919, 333 A.3d 103 (2025).

We next set forth the following relevant legal principles. EMAP "is designed to assist homeowners in avoiding foreclosure by providing a mechanism and funding for emergency mortgage and lien assistance payments, among other resources." *KeyBank, N.A.* v. *Yazar*, 347 Conn. 381, 385, 297 A.3d 968 (2023). General Statutes § 8-265dd (b) provides in relevant part: "Notwithstanding any provision of the general statutes, or any rule of law to the contrary, on and after July 1, 2008, no judgment of strict foreclosure nor any judgment ordering a foreclosure sale shall be entered in any action instituted by the mortgagee to foreclose a mortgage commenced on or after said date, for the foreclosure of an eligible mortgage unless (1) notice to the homeowner who is a mortgagor has been given by the mortgagee in accordance with section 8-265ee and the time for response has expired, and (2) a determination has been made on the homeowner's application for emergency mortgage assistance payments in accordance with section 8-265ff or the applicable time periods set forth in sections 8-265cc to 8-265kk, inclusive, have expired, whichever is earlier. . . ." General Statutes § 8-265ee (a) provides in relevant part: "On and after July 1, 2008, a mortgagee who desires to foreclose upon a mortgage which satisfies the standards contained in subdivisions (1), (9), (10) and (11) of subsection (e) of section 8-265ff, shall give notice to each homeowner who

is a mortgagor by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage. No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice. . . ."[4] In *Yazar*, our Supreme Court held that "[t]he EMAP notice requirement in § 8-265ee is a nonjurisdictional requirement but is nonetheless a mandatory condition precedent that a plaintiff bears the burden of satisfying before it commences any mortgage foreclosure." *KeyBank, N.A.* v. *Yazar*, supra, 404.

The following additional procedural history is relevant to our resolution of the defendant's claim. In the Selva affidavit, which the plaintiff submitted in support of its motion for summary judgment as to liability only, Selva averred in relevant part that **(1)** the defendant was sent a notice of default on April 21, 2022, by both first class mail and certified mail, postage fully prepaid, addressed to him at the property, and **(2)** the notice of default "contained information in accordance with . . . [§] 8-265ee" or, stated otherwise, an EMAP notice. A copy of the notice of default was attached to the Selva affidavit. Also attached to the Selva affidavit was a document containing United States Postal Service **(USPS)** tracking information for the notice of default, with the last entry, dated April 30, 2022, providing "a reminder to arrange for redelivery of [the notice of default] or [the notice of default] will be returned to sender."

In moving for summary judgment, the defendant claimed that the plaintiff failed to provide him with an EMAP notice.[5] The defendant construed §§ 8-265dd (b)

---

[4]Later in this opinion, we discuss case law that considered prior revisions to § 8-265ee; however, the amendments that followed those prior revisions are not germane to this appeal. See Public Acts 2009, No. 09-209, § 29; Public Acts 2009, No. 09-219, § 1; Public Acts, Spec. Sess., June, 2012, No. 12-1, § 126; Public Acts 2021, No. 21-44, § 8. In the interest of simplicity, all references in this opinion to § 8-265ee are to the current revision of the statute.

[5]The defendant further contended that he was entitled to an EMAP notice because, pursuant to § 8-265dd (b), **(1)** the mortgage at issue is an "eligible mortgage" and **(2)** he is a "homeowner who is a mortgagor." These issues were not addressed either by the plaintiff in its

and 8-265ee (a) together to provide that "a plaintiff may commence a foreclosure action after 'mailing' [an EMAP] notice [pursuant to §8-265ee (a)], [but] no judgment can enter unless the [EMAP] notice has been 'given' [in accordance with §8-265dd (b)]." (Emphasis omitted.) The defendant further maintained that an EMAP notice must be actually delivered, not merely mailed, in order for it to have "been given" pursuant to §8-265dd (b). Relying on the USPS tracking information submitted by the plaintiff in support of its motion for summary judgment as to liability only and his personal affidavit that he submitted in support of his motion for summary judgment, the defendant contended that there was no dispute that the notice of default containing the EMAP notice mailed to him by the plaintiff was never actually delivered and that the presumption of delivery arising pursuant to the "mailbox rule"[6] had been rebutted. In response, the plaintiff argued that (1) compliance with the statutory EMAP notice requirement necessitated only that it place an EMAP notice in the mail and (2) there was no dispute that it had placed the notice of default containing the EMAP notice in the mail.

In denying the defendant's motion for summary judgment, the trial court determined that, "in order to be compliant with §8-265dd, a plaintiff need only comply with the notice provisions in §8-265ee." The trial court further stated that, "[i]n determining whether a plaintiff has complied with §8-265ee, [this court] has repeatedly confirmed that the relevant question for challenges to an EMAP notice is not whether a defendant actually receives the EMAP notice, but rather whether a plaintiff has provided sufficient evidence that the EMAP notice

memorandum of law in opposition to the defendant's motion for summary judgment or the court in its decision denying the motion, and they are not germane to this appeal.

[6]The "mailbox rule" is a "common-law presumption . . . provid[ing] that a properly stamped and addressed letter that is placed into a mailbox or handed over to the United States Postal Service raises a rebuttable presumption that it will be received." (Internal quotation marks omitted.) *Aurora Loan Services, LLC* v. *Condron*, 181 Conn. App. 248, 271, 186 A.3d 708 (2018).

was sent," citing *Wells Fargo Bank, N.A.* v. *Melahn*, 222 Conn. App. 828, 307 A.3d 911 (2023), cert. denied, 348 Conn. 951, 308 A.3d 1038 (2024), *Pennymac Corp.* v. *Tarzia*, 215 Conn. App. 190, 281 A.3d 469 (2022), and *Aurora Loan Services, LLC* v. *Condron*, 181 Conn. App. 248, 186 A.3d 708 (2018). The trial court then concluded that the Selva affidavit and the exhibits attached thereto established that there was no genuine issue of material fact "that the plaintiff sent an EMAP notice to the defendant at the [property] address, as required by the mortgage deed, and that the defendant failed to retrieve the [EMAP] notice," such that, as a matter of law, the plaintiff had satisfied §8-265dd.

On appeal, the parties do not dispute that (1) the plaintiff mailed an EMAP notice to the defendant by certified mail, but (2) the EMAP notice was not delivered to the defendant. The defendant's claim is that the court improperly determined that the plaintiff complied with §8-265dd (b) notwithstanding the undisputed fact that the EMAP notice was not delivered to him because, according to the defendant, "although mailing [an EMAP notice] suffices for commencing an action [pursuant to §8-265ee (a)], 'giving notice' for purposes of satisfying the prerequisite to a judgment under §8-265dd (b) means delivering [an EMAP] notice, not merely mailing one." We are not persuaded.

We first consider the language of §8-265dd (b), which provides in relevant part that, in cases where an EMAP notice is required, "no judgment of strict foreclosure nor any judgment ordering a foreclosure sale shall be entered . . . unless . . . notice . . . has been given . . . in accordance with section 8-265ee . . . ." We construe this language to be clear and unambiguous in providing that an EMAP notice is "given" for purposes of §8-265dd (b) when the notice provisions of §8-265ee have been satisfied.[7]

Section 8-265ee (a) provides in relevant part that, in cases where an EMAP notice is required, "a mortgagee

_____

[7] Our construction of §8-265dd (b) is supported by a footnote in *Yazar*, in which our Supreme Court stated in relevant part that "[§] 8-265dd

. . . shall give notice . . . by registered, or certified mail, postage prepaid . . . . No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice. . . ." In examining §8-265ee (a), we turn to appellate precedent that previously has addressed this provision.

In *Condron*, in appealing from a judgment of strict foreclosure rendered following a bench trial, the defendants claimed that the plaintiff failed to satisfy §8-265ee (a) because "§8-265ee (a) requires proof of actual delivery by certified mail [of an EMAP notice] and the plaintiff failed to meet that requirement" when it did not introduce into evidence a certified mail receipt confirming actual delivery of the EMAP notice to them. *Aurora Loan Services, LLC* v. *Condron*, supra, 181 Conn. App. 276–77. This court rejected that claim, concluding that "[t]he plain language of §8-265ee (a) contains no such requirement. . . . [That provision] does not require the mailing by return receipt requested." (Internal quotation marks omitted.) Id., 278. This court further "decline[d] to extend the requirements of [§8-265ee (a)] beyond the plain language to require proof of actual delivery." Id. This court then determined that the record supported the trial court's finding that an EMAP notice was sent to the defendants by certified mail, and "the lack of a return receipt in the record [did] not affect the plaintiff's compliance with [§8-265ee (a)]." Id., 279.

In *Melahn*, in appealing from a judgment of strict foreclosure following the trial court's rendering of summary judgment as to liability only in the plaintiff's favor, the defendant claimed that the plaintiff failed to comply with §8-265ee (a). *Wells Fargo Bank, N.A.* v. *Melahn*, supra, 222 Conn. App. 841. This court disagreed. Id. Initially, this court stated that "to be entitled to summary judgment, the plaintiff in the circumstances of th[at] case was obligated to demonstrate the lack of a genuine issue of material fact regarding whether it complied with

(b) requires that two conditions be satisfied prior to judgment being rendered: *(1) notice to the homeowner in accordance with § 8-265ee*, and (2) the sixty day time for response has expired." (Emphasis added.) *KeyBank, N.A.* v. *Yazar*, supra, 347 Conn. 393 n.8.

the statutory scheme by sending to the defendant by certified mail a notification of EMAP prior to initiating th[at] action." Id., 845. After reviewing the plaintiff's evidentiary submissions in support of its motion, this court concluded that it had met its burden. Id., 845–46. Turning then to the defendant's evidentiary submissions in opposition to the plaintiff's motion, this court stated that "[t]he only evidence that the defendant proffered in response to the plaintiff's averments [was] his representation in his affidavit that he did not receive the required EMAP notice. . . . [H]owever, the plaintiff was not obligated to demonstrate that the [EMAP] notice was in fact received by the defendant. . . . It was obligated to show only the absence of a genuine factual dispute regarding whether the [EMAP] notice was sent." (Citation omitted.) Id., 846.

We deem *Condron* and *Melahn* to be instructive.[8] In *Condron*, this court concluded that the plain language of §8-265ee (a) does not require proof of actual delivery of an EMAP notice; rather, a plaintiff need only demonstrate that the EMAP notice was mailed as directed in §8-265ee (a). *Aurora Loan Services, LLC* v. *Condron,* supra, 181 Conn. App. 278–79. In *Melahn*, this court

[8]The trial court also cited *Tarzia* in denying the defendant's motion for summary judgment. In *Tarzia*, in appealing from the denial of his motion to open a judgment of strict foreclosure rendered in favor of the substitute plaintiff, the defendant claimed that the original plaintiff had not complied with §8-265ee (a). *Pennymac Corp.* v. *Tarzia*, supra, 215 Conn. App. 192–93, 198. This court disagreed, concluding that the record contained ample evidence demonstrating that the original plaintiff mailed an EMAP notice to the defendant, and, thus, the trial court did not clearly err in finding that the original plaintiff provided an EMAP notice to the defendant. Id., 203–207. As part of its analysis, this court cited *Condron* to support its determination that "[t]he fact that the [substitute] plaintiff did not present evidence of the return receipt corresponding to the EMAP notice is inconsequential." Id., 205. Notably, this court observed that the defendant's "challenge [was] not that he did not receive the EMAP notice [but that] [h]e claimed and proved that [the original plaintiff] never sent the [EMAP] notice to him in the first place . . . ." (Internal quotation marks omitted.) Id., 198 n.6. Thus, for purposes of this appeal, *Tarzia* serves only to iterate the holding in *Condron* that actual delivery of an EMAP notice is not required to satisfy §8-265ee (a).

concluded that **(1)** a plaintiff meets its burden to be entitled to summary judgment as to liability only vis-à-vis §8-265ee (a) by demonstrating the lack of a genuine issue of material fact that it properly mailed an EMAP notice and **(2)** a defendant cannot demonstrate a genuine issue of material fact by submitting evidence that he or she did not receive the EMAP notice, as such evidence is irrelevant when the plaintiff is "obligated to show only the absence of a genuine factual dispute regarding whether the **[EMAP]** notice was sent."[9] *Wells Fargo Bank, N.A.* v. *Melahn*, supra, 222 Conn. App. 846. Applying this precedent to the present action, we conclude that the notice provisions of §8-265ee (a) do not require delivery of an EMAP notice. In light of our conclusion that notice is "given" for purposes of §8-265dd (b) when the notice provisions of §8-265ee are met, we further conclude that §8-265dd (b) likewise does not mandate delivery of an EMAP notice.[10]

In sum, we conclude that the court properly denied the defendant's motion for summary judgment on the basis

[9]The defendant urges us to construe *Condron* and *Melahn* to provide that a plaintiff may rely on the mailing of an EMAP notice to raise a presumption of delivery pursuant to the mailbox rule but that proof of actual delivery is required when that presumption is rebutted as, he posits, occurred in the present action. We do not agree with the defendant's narrow reading of these cases. Neither *Condron* nor *Melahn* leaves any impression that delivery of an EMAP notice is relevant vis-à-vis §8-265ee (a). Additionally, in *Melahn*, this court rejected the defendant's reliance on his evidentiary submission, proffered in defense against the plaintiff's claim that it complied with §8-265ee (a) by mailing the defendant an EMAP notice by certified mail, indicating that he did not receive the EMAP notice. *Wells Fargo Bank, N.A.* v. *Melahn*, supra, 222 Conn. App. 846. If this court had considered delivery of the EMAP notice to be relevant, then it necessarily would have considered whether the defendant's evidentiary submission rebutted the presumption of delivery of the EMAP notice mailed by the plaintiff.

[10]In *Yazar*, our Supreme Court considered two questions concerning §8-265ee (a), namely, whether (1) "the EMAP notice requirement in §8-265ee (a) is jurisdictional"; *KeyBank, N.A.* v. *Yazar*, supra, 347 Conn. 385; and (2) "an EMAP notice sent before the commencement of a prior foreclosure action by the predecessor mortgagee is valid for a subsequent action initiated by the successor mortgagee." Id., 385–86. In summarizing §§8-265dd and 8-265ee, our Supreme Court stated

of its conclusion that the plaintiff provided an EMAP notice to the defendant in accordance with §8-265dd.

## II

The defendant next claims that the trial court improperly granted the plaintiff's motion for summary judgment as to liability only. The defendant maintains that the plaintiff failed to demonstrate that there was no genuine issue of material fact that it was the owner of the note, and, therefore, it did not establish an undisputed prima facie case. We are not persuaded.

"[T]o establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure . . . have been satisfied. . . . Thus, a court may properly

that "§8-265ee prohibits the initiation of a valid suit without providing the EMAP notice [and] [§] 8-265dd . . . prevents the [trial] court from rendering any judgment of foreclosure *until the EMAP notice has been sent*, the sixty day response time has expired, and, if relevant, a determination has been made on the application for emergency mortgage assistance payments." (Citation omitted; emphasis added.) Id., 392–93. Additionally, in a footnote, our Supreme Court stated as follows: "Section 8-265dd (b) requires that two conditions be satisfied prior to judgment being rendered: (1) notice to the homeowner in accordance with §8-265ee, and (2) the sixty day time for response has expired. Notice to the homeowner in accordance with §8-265ee requires that the notice be sent prior to the commencement of the foreclosure action. The two provisions are consistent with each other. Section 8-265dd (b) merely clarifies that both *the notice must be sent* and the time to respond must have expired prior to the court's rendering judgment." (Emphasis altered.) Id., 393 n.8. Viewed in isolation, our Supreme Court's description of §8-265dd (b) requiring that an EMAP notice be "sent" can be interpreted to provide that delivery of an EMAP notice is not required under §8-265dd (b). We note, however, that our Supreme Court in *Yazar* did not address the issue of whether an EMAP notice must be delivered under §8-265dd (b) and/or §8-265ee (a). See id., 404 ("The only EMAP notice the plaintiff introduced as proof of compliance was a notice, envelope, and certified mail receipt that was marked 'not deliverable' and 'return to sender.' We need not decide whether §8-265ee (a) requires proof of delivery of the EMAP notice given that . . . there is no dispute that the plaintiff failed to send a subsequent notice prior to initiating the second foreclosure action.").

grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." (Internal quotation marks omitted.) *U.S. Bank Trust, National Assn.* v. *Shuey*, 232 Conn. App. 618, 629–30, 338 A.3d 353, cert. denied, 353 Conn. 903, 341 A.3d 957 (2025). "[A] holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes] § 49-17. The possession by the bearer of a note [e]ndorsed in blank imports prima facie that [it] acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity." (Internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 135, 74 A.3d 1225 (2013).

The following additional procedural history is relevant to our resolution of this claim. In its complaint, the plaintiff alleged in relevant part that, "[o]n or before August 12, 2022, the plaintiff became and at all times since then has been the party entitled to collect the debt evidenced by [the] note and is the party entitled to enforce [the] mortgage." The defendant denied that allegation.

In moving for summary judgment as to liability only, the plaintiff asserted in relevant part that it "is, and has been since prior to commencement of the [present] action, the party entitled to collect the debt evidenced by the note . . . ." In support of that assertion, the plaintiff submitted the Selva affidavit, in which Selva averred in relevant part that, "[o]n or before August 12, 2022, the [p]laintiff became and at all times since then has been the party entitled to collect the debt evidenced by [the] note and is the party entitled [to] enforce [the] mortgage." Attached to the Selva affidavit was "[a] true and correct copy of the [n]ote," which was endorsed in blank. In response, the defendant did not submit any evidence; rather, it argued that the plaintiff's evidentiary submissions did not demonstrate the lack of a genuine issue of material fact that it owned the note.

In granting the plaintiff's motion for summary judgment as to liability only, the court determined that "the undisputed material facts establish that the plaintiff [was] the owner of the note and the mortgage at the time the [present] action [was] commenced, that the [defendant had] defaulted, and that all conditions precedent to the foreclosure were met." The court further determined that (1) the Selva affidavit was sufficient to establish that the plaintiff was the holder of the note and (2) the defendant failed to submit any evidence refuting the plaintiff's status as the holder of the note.

The defendant claims that the plaintiff's evidentiary submissions in support of its motion for summary judgment as to liability only did not establish that there was no genuine issue of material fact that it was the owner of the note. We disagree.

In support of its contention that it owned the note, the plaintiff submitted the Selva affidavit, which contained an express averment that, "[o]n or before August 12, 2022, the [p]laintiff became and at all times since then has been the party entitled to collect the debt evidenced by [the] note and is the party entitled [to] enforce [the] mortgage." Moreover, "[a] true and correct copy of the [n]ote," which was endorsed in blank, was attached to the Selva affidavit.[11] In short, we conclude that these evidentiary submissions established no genuine issue of material fact that the plaintiff was the holder of the

[11]In its appellate brief, the plaintiff states that it produced a copy of the original note as part of its summary judgment filings. In his reply brief, the defendant appears to argue that the plaintiff could not rely on the copy of the note attached to the Selva affidavit but, rather, was obligated to produce the original note. This argument is untenable. See *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 177, 73 A.3d 742 (2013) ("[t]he defendant has provided us with no authority, nor are we aware of any, that supports his suggestion that a mortgagee is obligated to produce the original note in order to meet the mortgagee's burden at summary judgment"); see also *Wells Fargo Bank, N.A.* v. *Henderson*, 175 Conn. App. 474, 485 n.7, 167 A.3d 1065 (2017) (citing *Ford* in stating that "a [trial] court may grant summary judgment in a foreclosure action even if the plaintiff does not produce the original note in support of its motion for summary judgment").

note and, thereby, presumptively, the owner of the note. See *HSBC Bank USA, National Assn.* v. *Gilbert*, 200 Conn. App. 335, 339–41, 349–50, 238 A.3d 784 (2020) (concluding that plaintiff, in support of motion for summary judgment as to liability only, submitted admissible evidence to establish that it was holder of promissory note, which evidence included note endorsed in blank and supporting affidavits averring, as summarized by this court, that "prior to the commencement of th[at] foreclosure action, the plaintiff became the party entitled to collect the debt evidenced by the note and [was] the party entitled to enforce the mortgage securing the debt"); *U.S. Bank, National Assn.* v. *Fitzpatrick*, 190 Conn. App. 773, 778, 789–92, 212 A.3d 732 (rejecting defendant's claim that there was genuine issue of material fact as to plaintiff's ownership of promissory note in light of plaintiff, in support of motion for summary judgment as to liability only, submitting note endorsed in blank and affidavit averring, as summarized by this court, "that the plaintiff was the party entitled to collect the debt evidenced by the note and to enforce the mortgage securing that debt"), cert. denied, 333 Conn. 916, 217 A.3d 1 (2019). With the plaintiff having met its initial burden to demonstrate the lack of a genuine issue of material fact that it owned the note, the burden shifted to the defendant to establish the existence of such an issue; *Chase Home Finance, LLC* v. *Scroggin*, supra, 224 Conn. App. 559–60; however, as the court correctly determined, the defendant failed to produce any evidence to satisfy that burden.

In sum, we conclude that the court properly granted the plaintiff's motion for summary judgment as to liability only.

The judgment is affirmed and the case is remanded for further proceedings according to law. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 349 Conn. 483, 316 A.3d 338 (2024).

In this opinion the other judges concurred.