******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# CITIMORTGAGE, INC. v. RICHARD TANASI ET AL.
## (AC 39037)

Alvord, Prescott and Kahn, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendants C and T. After execution and delivery of the note underlying that mortgage, the plaintiff entered into an agreement selling the debt of C and T to a second bank, H Co. Under the terms of the agreement, the plaintiff agreed to service the debt for H Co. and was authorized to institute foreclosure proceedings on H Co.'s behalf. C and T subsequently failed to make the required monthly payments and the plaintiff commenced the present action alleging, inter alia, that it was the holder of the note. Attached to the complaint was a copy of the note, endorsed in blank. After the trial court denied a motion to strike the foreclosure related prayers for relief from the complaint filed by C and T, it granted the plaintiff's motion for summary judgment as to liability. Thereafter, C and T filed a motion to dismiss, claiming that the plaintiff lacked standing to foreclose because the plaintiff did not own the debt and had not been given authority to foreclose by H Co. In response, the plaintiff produced a copy of the agreement, which had also been provided to C and T previously during mediation. C and T were given the opportunity to review the agreement during a one hour recess, and the provision of the agreement granting the plaintiff the authority to foreclose was read into the record. The court subsequently denied the motion to dismiss and rendered a judgment of strict foreclosure in favor of the plaintiff, from which C and T appealed. *Held*:

1. The trial court properly denied C and T's motion to dismiss, as the plaintiff had standing to foreclose on behalf of H Co.; the plaintiff having provided the court with a copy of the agreement at the hearing on the motion to dismiss, and the relevant portions of the agreement having been read into the record and considered by the court, the record was adequate to review the question of whether the agreement gave the plaintiff the authority to foreclose, and the plain and unambiguous language of the agreement provided the plaintiff, as the holder of the note endorsed in blank, with authority to foreclose on behalf of H Co., the owner of the note.

2. C and T could not prevail on their claim that the plaintiff should be judicially estopped from proceeding under a theory that H Co. owned the debt; the plaintiff's introduction of the agreement was not untimely but, rather, was responsive to the attempt by C and T to meet their burden of rebutting the presumption of ownership afforded to the plaintiff as a holder of the note, C and T were provided with ample opportunity to review the agreement, and they failed to demonstrate that they were prejudiced by the introduction of the agreement during the hearing on the motion to dismiss.

3. C and T could not prevail on their claim that the trial court erred by failing to dismiss the foreclosure action, with prejudice, on the basis of fraud; under the relevant burden shifting framework, the plaintiff was presumed to be the owner of the debt when it produced the note endorsed in blank and had no burden of proving ownership, but once that presumption was challenged by C and T, the plaintiff had the burden to demonstrate that it owned the debt or had the authority from the owner of the note, H Co., to foreclose, and, therefore, it was not fraudulent for the plaintiff to demonstrate that it had authority to foreclose on behalf of H Co. in response to the motion to dismiss filed by C and T.

Argued June 1—officially released October 3, 2017

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., brought to the Superior Court in the judicial district of Middlesex,

where the court, *Domnarski, J.*, denied the motion to strike filed by the named defendant et al.; thereafter, the defendant PNC Bank, National Association, was defaulted for failure to appear; subsequently, the court, *Aurigemma, J.*, granted the plaintiff's motion for summary judgment as to liability; thereafter, the court, *Aurigemma, J.*, denied the motion to dismiss filed by the named defendant et al.; subsequently, the court, *Aurigemma, J.*, granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the named defendant et al. appealed to this court; thereafter, the court, *Aurigemma, J.*, issued an articulation of its decision. *Affirmed.*

*Christopher G. Brown*, for the appellants (named defendant et al.).

*Donald E. Frechette*, with whom was *Tara Trifon*, for the appellee (plaintiff).

*Opinion*

KAHN, J. The defendants, Richard Tanasi and Athanasula S. Casberg Tanasi,[1] appeal from the judgment of strict foreclosure rendered by the court in favor of the plaintiff, CitiMortgage, Inc. The defendants claim that the court erred in denying their motion to dismiss the foreclosure action because the plaintiff (1) lacked standing to commence foreclosure proceedings, (2) improperly relied on a document as a basis for standing, and (3) committed fraud warranting dismissal of the action with prejudice. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. On August 2, 2007, the defendants executed and delivered a note in the principal amount of $656,250 to ABN AMRO Mortgage Group, Inc. (Mortgage Group), which was secured by a mortgage on real property known as 27 Briarwood Drive in Old Saybrook. In late August 2007, the plaintiff acquired Mortgage Group by merger. In November, 2007, the plaintiff entered into a "Master Mortgage Loan Purchase and Servicing Agreement" (agreement) with Hudson City Savings Bank (Hudson). Under the agreement, Hudson purchased certain mortgage loans from the plaintiff, including the defendants' loan. The agreement identifies Hudson as the "[i]nitial [p]urchaser" and the plaintiff as the "[s]eller and [s]ervicer." The plaintiff possessed the original note, endorsed in blank, at the time of the commencement of the foreclosure action. When the defendants failed to make the required monthly payments on the loan, the plaintiff sent the defendants a notice of default. The defendants subsequently failed to cure their default, and the plaintiff accelerated the sums due under the note. The plaintiff commenced a foreclosure action in July, 2011, and alleged in its complaint that it "is the holder of [the defendants'] [n]ote and [m]ortgage."

The parties proceeded to mediation. It is not disputed that, during mediation, the plaintiff provided the defendants with a copy of the agreement. After participating in fourteen court-annexed mediation sessions, the plaintiff filed a motion to terminate the mediation stay, which the court granted.

On April 10, 2013, the defendants filed a motion to strike the foreclosure related prayers for relief in the complaint, arguing that ownership of the debt is an essential allegation of an action for foreclosure of a mortgage and that the plaintiff failed to allege ownership of the debt in its complaint. The court denied the motion.

On June 2, 2014, the plaintiff filed a motion for summary judgment as to liability only. The plaintiff attached an affidavit of Glenna S. Feeley, the vice president of document control for the plaintiff, to its memorandum

of law in support of its motion for summary judgment. In the affidavit, Feeley stated that in August, 2007, Mortgage Group merged into the plaintiff, that the rights under the mortgage were assigned to the plaintiff, and that the plaintiff is the holder of the note and mortgage. The plaintiff also attached a 2007 certificate of merger and a copy of the defendants' note, which was endorsed in blank. The defendants filed an objection to the motion for summary judgment. The court concluded that the uncontested evidence presented by the plaintiff established that the plaintiff possessed the original note at the time of the commencement of foreclosure proceedings, and that the note was endorsed in blank by the original lender. The court concluded that the plaintiff was the holder of the note, that the note was in default, and that the plaintiff was entitled to summary judgment as to liability as a matter of law.

On July 23, 2015, the defendants filed a motion to dismiss the foreclosure action for lack of subject matter jurisdiction. At the November 30, 2015 hearing on the motion to dismiss, the defendants' counsel argued that the plaintiff lacked standing to foreclose because the defendants had rebutted the presumption of ownership, and the plaintiff did not have authority from the note's owner to foreclose. In response to the defendants' challenge to the presumption of ownership, the plaintiff provided the court and the defendants' counsel with unredacted copies of the agreement and an affidavit authenticating it. The plaintiff asserted that it was the holder of the note, not the owner, and that the agreement provided that the owner of the note, Hudson, had vested the plaintiff with the right to institute foreclosure proceedings when the plaintiff deemed reasonable. The defendants' counsel objected on the ground that the agreement had not previously been filed and that he had "never seen it before."[2] The plaintiff's counsel stated that the agreement was sensitive because it contained proprietary information and, thus, would need to be filed under seal. The court granted the plaintiff's oral motion to file the document under seal.

The court recessed for one hour to provide the defendants with an opportunity to review the agreement. The court also noted that it would take the agreement under advisement. When the hearing reconvened, the court informed the plaintiff's counsel that she would have to file a written motion if she wanted to have the agreement placed under seal. The court then heard argument from both sides relating to the terms of the agreement. The plaintiff's counsel explained that § 10.01 of the agreement provided that the plaintiff "is hereby authorized and empowered by [Hudson] . . . when [the plaintiff] believes it is appropriate and reasonable in its judgment . . . to institute foreclosure proceedings . . . ." The defendants cited other sections of the agreement in an attempt to refute the plaintiff's authority to foreclose. Following the hearing, the

court issued an order summarily denying the defendants' motion to dismiss. On December 3, 2015, the plaintiff filed a motion to seal the agreement. The court granted the motion to seal.

On March 7, 2016, the court granted the plaintiff's motion for a judgment of strict foreclosure. This appeal followed. Following the filing of the appeal, the defendants filed a motion for articulation of the denial of their motion to dismiss, which the court denied. The defendants then filed a motion for review with this court, and this court granted the motion and the relief requested therein.

The trial court filed an articulation stating its reasons for denying the defendants' motion to dismiss. In its articulation, the court rejected the defendants' argument that the plaintiff was judicially estopped from asserting anything other than owner status, reasoning that the plaintiff never claimed to be the owner of the note and, thus, the judicial estoppel claim was moot. Likewise, the court rejected the defendants' argument that the plaintiff was bound by its alleged invocation of the presumption of ownership. The court concluded that "the defendants failed to set up and prove the facts which limit or change the plaintiff's rights . . . . Therefore, the argument that the plaintiff was estopped from rebutting the presumption of ownership was baseless." (Internal quotation marks omitted.) The court also found that nothing in the record substantiated the defendants' claim that the plaintiff perpetrated fraud by failing to inform the court that it did not own the debt.

The following jurisprudence on standing in foreclosure matters is relevant to our resolution of the defendants' claims. "The ability to enforce a note in Connecticut is governed by the adopted provisions of the Uniform Commercial Code. Pursuant to General Statutes § 42a-3-301, a [p]erson entitled to enforce an instrument means . . . the holder of the instrument . . . . When a note is endorsed in blank . . . the note becomes payable to the bearer . . . . See General Statutes § 42a-3-205 (b); see also *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 231, 32 A.3d 307 (2011), overruled in part on other grounds by *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013). When a person or entity has possession of a note endorsed in blank, it becomes the valid holder of the note. General Statutes § 42a-1-201 (b) (21) (A). Therefore, a party in possession of a note, endorsed in blank and thereby made payable to its bearer, is the valid holder of the note, and is entitled to enforce the note. . . .

"In *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231, our Supreme Court stated that to seek enforcement of a note through foreclosure, a holder must be able to demonstrate it is the owner of the underlying debt. It noted, however, that a holder of a

note is presumed to be the rightful owner of the underlying debt, and that unless the party defending against the foreclosure action rebuts that presumption, the holder has standing to foreclose. . . . A holder merely needs to produce the note to establish that presumption. The production of the note establishes his case prima facie against the [defendant] and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Citations omitted; emphasis omitted; footnotes omitted; internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Schaeffer*, 160 Conn. App. 138, 146–47, 125 A.3d 262 (2015).

"[I]f a defendant in a foreclosure action [is] able to demonstrate that the debt [is] owned by a party other than the one bringing the foreclosure action, or by other means [is] able to rebut the presumption that the holder of the note was the owner of the debt, the result [is] not an automatic dismissal of the action due to lack of standing. Rather, the burden shifts back to the party bringing the foreclosure action to demonstrate that the rightful owner had in some way vested in it the right to collect the debt on the owner's behalf." *JPMorgan Chase Bank, National Assn.* v. *Simoulidis*, 161 Conn. App. 133, 145, 126 A.3d 1098 (2015), cert. denied, 320 Conn. 913, 130 A.3d 266 (2016), citing *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 325 n.18.

I

The defendants claim that the court erred in denying their motion to dismiss because the plaintiff lacked standing to foreclose. Specifically, the defendants argue that the court should have dismissed the action because they had rebutted the presumption of ownership and the plaintiff, as the holder of the note, did not have authority to foreclose. We are not persuaded.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . [I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 172–73, 73 A.3d 742 (2013).

In an effort to rebut the presumption of ownership, the defendants submitted, in connection with their

motion to dismiss, a letter from the plaintiff in which the plaintiff states that it is a loan service provider acting on behalf of the owner of the debt.[3] Specifically, the letter states that the plaintiff "services [the defendants'] loan on behalf of Hudson . . . ." The plaintiff, however, never claimed to be the owner of the debt, and stated at the hearing on the motion to dismiss that "[w]e have never claimed to be [the] owner. . . . [I]t's just an incorrect factual statement. We are not the owner. We are the holder, vested with the rights to foreclose by the owner, Hudson." Both parties agree that the plaintiff is not the owner of the debt and that Hudson is the owner.

In response to the defendants' challenge to the presumption of ownership, the plaintiff submitted the agreement to the court. The plaintiff read into the record the portion of the agreement that gave it authority to foreclose. The defendants' counsel objected to the introduction of the agreement, and the court overruled the objection. The court gave permission for the plaintiff to file the agreement under seal. The terms of § 10.01 of the agreement, which was introduced during the hearing and subsequently filed under seal, authorize the plaintiff to "institute foreclosure proceedings . . . ."

The defendants argue that the record is not adequate to review the issue of whether the agreement gave the plaintiff authority from Hudson to foreclose. They contend that the agreement was not in the record at the time the court summarily denied the motion to dismiss. We do not agree. The plaintiff provided the court with a copy of the agreement at the hearing on the motion to dismiss, and the plaintiff read the relevant portions of the agreement into the record. The court gave defendants' counsel time to review and respond to the agreement. The transcript of the hearing on the motion to dismiss makes clear that the court took the agreement into consideration in denying the motion to dismiss. Although the court's articulation does not expressly refer to the agreement, the court found that "the defendants failed to 'set up and prove the facts which limit or change the plaintiff's rights,' as required [by] *RMS Residential Properties, LLC* v. *Miller*, [supra, 303 Conn. 231]. Therefore, the argument that the plaintiff was estopped from rebutting the presumption of ownership was baseless."[4] The trial court admitted the agreement in response to the defendants' challenge to the presumption of ownership. In rejecting the estoppel claim, the court's articulation relies implicitly on the agreement as the source of the plaintiff's authority to foreclose.[5]

The relevant language in the agreement is plain and unambiguous and, therefore, our review is plenary.[6] See *Cruz* v. *Visual Perceptions, LLC*, 311 Conn. 93, 101–102, 84 A.3d 828 (2014) ("[When] there is definitive contract

language, the determination of what the parties intended by their contractual commitments is a question of law. . . . It is implicit in this rule that the determination as to whether contractual language is plain and unambiguous is itself a question of law subject to plenary review." [Citations omitted; internal quotation marks omitted]). Section 10.01 of the agreement provides that the plaintiff "is hereby authorized and empowered by Purchaser [Hudson] when Seller [the plaintiff] believes it appropriate and reasonable in its judgment . . . to institute foreclosure proceedings . . . ." The agreement plainly provides the plaintiff with authority from Hudson to foreclose. Accordingly, we conclude that the plaintiff had standing to foreclose and that, therefore, the trial court properly denied the defendants' motion to dismiss.

II

The defendants next argue, in several ways, that because the plaintiff consistently asserted that it was the holder of the note and permitted the court to presume, as such, that it was the owner of the note, they were prejudicially surprised by the plaintiff's introduction of the agreement at the hearing on the motion to dismiss.[7] The defendants argue that the plaintiff should be estopped from claiming they were anything other than the owner of the note. We disagree.

The defendants provide no authority, nor are we aware of any, for the proposition that a plaintiff that previously has asserted that it was the holder of the note and was silent when the court employed the presumption of ownership is precluded from later asserting, when challenged by the defendant, that the owner had vested the plaintiff with the right to institute foreclosure proceedings. First, it was the defendants' burden, not the plaintiff's, to rebut the presumption of ownership. See *U.S. Bank, National Assn.* v. *Schaeffer*, supra, 160 Conn. App. 146–47 (holder of note presumed to be rightful owner of underlying debt unless party defending against foreclosure action rebuts that presumption).

Second, the plaintiff's introduction of the agreement was not untimely, but rather it was responsive to the defendants' attempt to rebut the presumption of ownership. The plaintiff's admission of that evidence is consistent with the framework clarified in *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 325 n.18, under which the burden shifts to the holder to produce evidence that the owner had vested it with the authority to foreclose only after the ownership presumption has been challenged.

Third, the defendants were provided with ample opportunity to review the agreement. At the hearing on the motion to dismiss, the plaintiff provided the defendants with a copy of the agreement and read the

relevant portions of the agreement into the record. The court gave the defendants a one hour recess to examine the agreement. Moreover, this was not the first time that the defendants had been provided with an opportunity to review the agreement. The defendants stated in their memorandum of law in support of their motion to dismiss that the plaintiff had provided them with a copy of the agreement in 2012 while the parties were engaged in mediation. The defendants have not demonstrated that they suffered any prejudice from the plaintiff's reliance on an agreement that the defendants had in their possession nearly three years before the filing of the motion to dismiss, and which the court gave them one hour to further review during the hearing on the motion to dismiss.

### III

The defendants' final claim is that the trial court erred in failing to dismiss the foreclosure action, with prejudice, on the basis of fraud. They contend that the plaintiff "perpetrated a fraud on the court by prosecuting this foreclosure action as an imposter . . . note-owner" and "put on note-owner's clothing—by brandishing its holder status—and watched in silence as the court twice mistook it for the note-owner" and, accordingly, that the court erred in failing to dismiss the foreclosure action with prejudice. We disagree with the defendants, and conclude that the court properly determined in its articulation that there was nothing in the record to support the defendants' claim of fraud.

The defendants misunderstand the nature of presumptions and the burden shifting framework clarified in *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 325 n.18. "[Presumptions] operate in advance of argument or evidence, or irrespective of it, by taking something for granted; by assuming its existence. When the term is legitimately applied, it designates a rule or proposition which still leaves open to further inquiry the matter thus assumed. The exact scope and operation of these prima facie assumptions are to cast upon the party against whom they operate, the duty of going forward, in argument or evidence, on the particular point to which they relate." (Internal quotation marks omitted.) *Vincent* v. *Mutual Reserve Fund Life Assn.*, 77 Conn. 281, 288, 58 A. 963 (1904).

Under the relevant burden shifting framework, the plaintiff was presumed to be the owner of the debt when it produced the note endorsed in blank. The plaintiff had no burden to rebut this presumption. Once the defendants challenged the presumption, the plaintiff had the burden of demonstrating that it owned the debt or had authority from the note's owner, Hudson, to foreclose. It was not fraudulent for the plaintiff to demonstrate that Hudson had vested it with the authority to foreclose in response to the defendants' challenge to the presumption of ownership.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Although the complaint also named PNC Bank, National Association, as a defendant, it did not appear before the trial court and has not participated in this appeal. We, therefore, refer in this opinion to Tanasi and Casberg Tanasi as the defendants.

[2] At oral argument before this court, the defendants' counsel conceded that the agreement had been provided to the defendants during mediation.

[3] We note that the status of the plaintiff as the loan servicer would not necessarily preclude the existence of standing to foreclose. "[A] loan servicer need not be the owner or holder of the note and mortgage in order to have standing to bring a foreclosure action if it otherwise has established the right to enforce those instruments . . . ." *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 327–28.

[4] To the extent that the articulation is somewhat unclear, however, we note that the defendants did not file a motion for a further articulation or a motion for review of the articulation with this court.

[5] Even if we were to assume, arguendo, that the trial court's articulation was not based implicitly on the agreement, we nonetheless would affirm the trial court's denial of the motion to dismiss on dispositive alternative grounds that, as a matter of law, the agreement provided the plaintiff with standing to foreclose. "Where the trial court reaches a correct decision but on [alternative] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. . . . [W]e . . . may affirm the court's judgment on a dispositive [alternative] ground for which there is support in the trial court record." (Citations omitted; internal quotation marks omitted.) *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 794, 749 A.2d 1144 (2000).

[6] At oral argument, the defendants' counsel stated for the first time before this court that the agreement was ambiguous. The defendants have not, however, directed us to any language in the agreement that would render the provision regarding the plaintiff's authority to institute foreclosure proceedings ambiguous.

[7] The defendants specifically contend that (1) the "eleventh hour" introduction of the agreement was unfair; (2) the introduction of the agreement deprived them of due process because they were not provided with fair notice of the plaintiff's claim regarding its authority to foreclose on behalf of Hudson; (3) the plaintiff was judicially estopped from relying on the theory of the authority from Hudson after prevailing on the motion to strike and the motion for summary judgment under the ownership presumption; and (4) the plaintiff perverted procedure because it "never disputed that it knew it was not the [owner of the note] and that the holder was presumed to be the owner." None of these arguments are meritorious.